THOMAS NEWLAN, Plaintiff in Error, v. THE PRESIDENT AND TRUSTEES OF AURORA, Defendants in Error.

ERROR TO KANE.

A party will not be liable to the penalty, inflicted by an ordinance of an incorporated town for selling liquor, unless it clearly appears from the evidence, that the ordinance took effect before the act complained of was committed.

THIS was an action of debt, brought by the defendants in error, against the plaintiff in error for a violation of one of the ordinances of the town of Aurora, before a justice of the peace of Kane county, and taken by appeal to the Circuit Court of

Kane county, WILSON, Judge, when at the May term, 1852, the cause was tried before a jury, and judgment rendered against the defendant below. The defendant below prosecuted his writ of error. The only question of importance involved in the case appears in the opinion of the court.

T. S. DICKEY and O. D. DAY, for plaintiff in error.

GLOVER and COOK, for defendants in error.

TREAT, C. J. It is provided by the statute, under which the town of Aurora was incorporated, that " the proceedings of said board shall always be public; and all their ordinances, before taking effect, shall be published at least ten days, in a newspaper of such town, or by setting up copies of the same, in three of the most public places in such town." It was proved by the clerk of the corporation, that he posted copies of the ordinance in question in three of the most public places in the town; " and that they had been up for more than ten days before the bringing of this suit." It was proved by another witness, that Newlan sold the liquor " about one week prior to the commencement of this suit." This was the only testimony in the case as to the publication of the ordinance, or the doing of any act in violation of its provisions. It did not authorize the jury to find a verdict of guilty. It did not show that the ordinance took effect before the act complained of was committed. On the contrary, the inference clearly was that the liquor was sold before the ordinance went into operation. The court should have granted a new trial.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*