THE TRUSTEES OF ELIZABETHTOWN, Appellants, v. EMILY ANN I. LEFLER, Appellee.

### APPEAL FROM HARDIN.

Before a party can be convicted for violating a town ordinance, the provisions of the charter must have been complied with in passing it; and this must be shown to the court by proper proof.

An ordinance of a town should be offered in proof, to procure a conviction.

Where a bill of exceptions omits to state that it contains all the evidence, the finding of the court will be sustained.

THIS was an action brought by the plaintiffs against Emily Ann I. Lefler, before a justice of the peace, for a violation of a corporation ordinance, and a fine of $5 assessed against her, from which the defendant took an appeal to the Circuit Court.

At the May term of said court, 1859, the case was submitted to the court, proofs heard, and judgment for defendant for costs; a motion for a new trial was overruled.

The evidence produced on said trial was in substance as follows: That defendant drew a brickbat in the attitude of throwing it at Lucinda Mott; that after holding it in that attitude a short time, turned round and threw it down; that at the time defendant was within fifteen feet of Lucinda Mott; that the occurrence took place within the corporation of Elizabethtown.

The plaintiffs then introduced in evidence the act of the legislature of the State, incorporating the town of Elizabethtown, approved February 13, 1857.

The plaintiffs then introduced in evidence the poll books showing the vote taken by the inhabitants of said town, for and against the adoption of said charter; also introduced a book of said corporation containing the ordinances passed by the board of trustees of said corporation, and proved by the clerk of said corporation that he was the keeper of the books, and that the book offered in evidence contained the ordinances of said corporation passed by the trustees of said town. To the introduction of which the defendant objected and the objection was sustained by the court, and plaintiffs excepted.

The bill of exceptions does not contain any kind of averment that it sets forth all the evidence.

. This cause was heard by SLOAN, Judge.

J. M. WARREN, for Appellants.

J. OLNEY, for Appellee.

Franklin et al. *v.* McEntyre.

WALKER, J. The appellants urge a reversal of this judgment because the court below rejected the book of the town ordinances as evidence. The bill of exceptions fails to show that it contained an ordinance creating the offense of an assault, or providing for its punishment. The fact that the charter authorized the town to adopt such an ordinance, and prescribe for its punishment, did not render the appellee liable to a penalty. Until the town adopted such an ordinance, and it had been published as required by the charter, the town could not recover any penalty for the commission of an assault. Even had an ordinance been regularly adopted and published, the court could not judicially know it, but it should have been proved as any other fact. The bill of exceptions fails to show that the ordinances contained in the book offered in evidence, had been published in the manner and for the period required by the charter. Nor was there any offer on the part of appellants to make such proof. Until such proof was made, the ordinance was not admissible, although all the other requirements of the charter had been fully performed. Until they were adopted and published in the manner prescribed by the charter, they had no force, and no person was bound to their observance. It was a performance of those acts which imparted to them their vitality. There was, therefore, no error in rejecting this book as evidence.

The bill of exceptions fails to state that it contains all of the evidence in the case, and in the absence of such a statement, the presumption is that there was sufficient evidence to sustain the finding of the court below. The judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*