# JAMES BOOTH

## *v.*

# THE TOWN OF CARTHAGE.

1. ORDINANCE OF INCORPORATED TOWN—*action for penalty for violation of.* It is a correct principle, that a party can not be liable to a penalty imposed by an ordinance of an incorporated town, unless it appears the ordinance took effect and was in force at the time the act complained of was committed; and the provisions of the charter must have been complied with in passing it, and that fact must be shown by proper proof.

2. SAME—*objection on error confined to grounds urged below.* Where the defendant, when sued for a violation of an ordinance, on the trial below did not object to the introduction of the ordinance on the ground that it had not been published as required by the charter, but confined his objection to reading the whole of it, contending that only certain parts of it should go in evidence: *Held*, by admitting that the ordinance had been properly published, the whole of it was properly admitted as evidence.

3. SAME—*repeal by implication.* Where the authorities of a town adopted a subsequent ordinance revising the whole subject of selling or dealing in spirituous liquors:. *Held,* that this must be taken as a substitute for all prior ordinances on the same subject, although the last contained no words of repeal.

4. SAME—*to what ordinance complaint refers.* Where a complaint in a suit for violation of an ordinance recited the ordinance violated, by its title, and such ordinance was superseded by a subsequent one revising the whole subject, the title of which did not appear in the record, the defendant objected that no recovery could be had, as the ordinance referred to in the complaint had been repealed: *Held,* that the recovery could be sustained under the subsequent ordinance, as its title may have been the same as the one repealed.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action brought by the town of Carthage against the appellant, before the police magistrate, and taken by appeal to the circuit court, where a trial was had, resulting in a verdict and judgment in favor of the plaintiff for $100.

The suit was commenced under the following written complaint:

STATE OF ILLINOIS, } ss.
   *Hancock County.* }

Thomas C. Sharp, town attorney, complains of James Booth, that, to-wit, between the 1st day of October, 1870, and the 23d day of January, 1871, at the county aforesaid, and within the town of Carthage, said James Booth did sell, barter, exchange and give away in a less quantity than one gallon, brandy, also whisky, also rum, also gin, also other alcoholic and distilled spirituous liquors, etc., in violation of an ordinance of said town of Carthage, entitled, "An ordinance to suppress and prohibit the selling, bartering, exchanging and giving away of vinous, malt, fermented and intoxicating liquors by unlicensed persons.

THOS. C. SHARP."

On the trial the plaintiff, after proving several sales of spirituous liquors by the defendant within the town, offered in evidence Ordinance No. 21, entitled as in the complaint. The defendant objected to the admission of the whole ordinance, and insisted that only such parts of it should be read which it was insisted had been violated; but the objection was overruled.

The defendant then offered and read in evidence a subsequent ordinance revising the whole subject embraced in No. 21, and then moved the court to exclude plaintiff's evidence from the jury, because the suit was brought for the violation of an ordinance which was repealed by Ordinance No. 47, which motion the court overruled. It did not appear from the bill of exceptions what was the title of the subsequent ordinance, or whether it had any title or not.

Messrs. MANIER, PETERSON & MILLER, for the appellant.

Mr. DAVID MACK, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is a correct principle, that a party can not be liable to a penalty imposed by an ordinance of an incorporated town, unless it appears the ordinance took effect and was in force at the time the act complained of was committed. *Newlan* v. *Town of Aurora*, 14 Ill. 364, and 17 ib. 379. And that the provisions of the charter must have been complied with in passing it, and that fact shown to the court by proper proof, is also required. *Trustees of Elizabethtown* v. *Lefler*, 23 ib. 90.

Appellant did not make the specific objection that Ordinance 21 had not been published, as required by the charter, but confined his objection to reading the whole of it, contending that only certain sections of it should go in evidence. The whole ordinance, on the admission it had been properly published, was competent evidence to the jury, and properly admitted.

The ordinance designated as "47" has no title, and was offered in evidence by appellant without objection, and was passed nearly three years subsequent to Ordinance 21, and seems to embrace the whole subject of selling or dealing in spirituous or other prohibited liquors, in the town of Carthage. It is a revision of the whole subject by the town authorities; and, though there be no words of repeal in the last ordinance, it must, under the authority of adjudged cases in this court, be taken as a substitute for all prior ordinances on the same subject. *Illinois and Mich. Canal* v. *City of Chicago*, 14 Ill. 334; *Culver* v. *Third National Bank of Chicago*, 64 Ill. 528.

This last ordinance covers the whole ground, and, for aught we know or can discover, the prosecution may have been brought for its infraction. The title is not given, and it may have the same title as the one recited in the complaint. The recovery in this case can be sustained under 47, as the amount recovered is no more than is reasonable under that ordinance.

The instructions were properly disposed of by the court, and the proof is clear that appellant had violated the ordinance to an extent even greater than the amount of the recovery.

Justice seems to have been done, and we must affirm the judgment.

*Judgment affirmed.*