UZZIEL KANOUSE

v.

TOWN OF LEXINGTON.

1. MUNICIPAL ORDINANCE—ORDER OF IMPRISONMENT.—Where an ordinance of a town provided that in case of certain convictions, the offender might be imprisoned in the county jail until the fine and costs should be paid, and the court made an order that defendant should be imprisoned in the county jail and remain there until such length of time as would make the amount of such debt at one dollar and fifty cents per day, when he should be discharged. *Held*, that, as the statute provides that no such imprisonment shall exceed six months, the judgment should have limited the imprisonment to six months.

2. PROOF OF PUBLICATION OF ORDINANCE.—Where the objection was not made in the circuit court, it is too late in the appellate court to raise

the question that the publication of the ordinance was not sufficiently proved to admit it in evidence.

3. SAME—DISCHARGING FINE AT PER DIEM ALLOWANCE.—An offender violating an ordinance of a town can not be required to work out his fine under the act of 1879 until the authorities of such town shall have so provided by ordinance.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed February 7, 1883.

Mr. THOMAS F. TIPTON and Mr. HARRY V. TIPTON, for plaintiff in error; that "intoxicating liquor" means the same as "spirituous, vinous or malt liquor," cited Fritz v. State, 57 Tenn. 15; State v. Moore, 5 Blackf. 118; Caswell v. State, 2 Humph. 402; Adler v. State, 55 Ala. 16–24.

Cider is not a vinous liquor: Feldman v. Morrison, 1 Bradwell, 460.

When a spirituous, vinous or malt liquor is so changed as to lose such distinctive feature, the sale becomes lawful: Intoxicating Liquor Cases, 25 Kan. 751.

If the proof fails to show a valid ordinance in force at time of alleged offense, there can be no conviction: Stevens v. Chicago, 48 Ill. 498; Scott v. The People, 89 Ill. 195.

The judgment was not in conformity with the charter of the town nor the ordinance, and is in violation of the statute: Hurd's Stat. 1881, § 267, p. 259; Carson v. Bloomington, 6 Bradwell, 481; Kinmundy v. Mahan, 72 Ill. 462; Hoyer v. Town of Mascoutah, 59 Ill. 137.

Mr. JOSEPH M. WEAKLY and Mr. JAMES WELLS, for defendant in error; that irregularities in the rendition of a judgment are cured by Section 56 of the Practice Act, cited R. & R. I. R. R. Co. v. Steele, 69 Ill. 253; Hurd's Stat. 1882, § 82, p. 819; Hurd's Stat. 1874, § 82, p. 784.

McCULLOCH, J. This was a prosecution under the ordinances of the Town of Lexington which prohibit the sale of spirituous, vinous, malt, fermented, mixed or intoxicating liquors, or any

mixture, part of which is any of said liquor. The proof is that plaintiff in error sold as a drink a certain liquid which he called cider, but which the chemists called as witnesses on his side pronounced acetic acid and glucose, with a very small percentage of alcohol. A great many witnesses were sworn to prove and to disprove its intoxicating qualities, and from their testimony we see no reason to disturb the verdict for want of sufficient proof upon that point.

Plaintiff contends that the publication of the ordinance was not sufficiently proved to admit it in evidence. It is a sufficient answer to this position to say it was not objected to on that ground in the circuit court, and the objection now comes too late. Booth v. Town of Carthage, 67 Ill. 102.

We see no reason to disturb the finding of the jury, nor the judgment of the court for the fine and costs, and to that extent the proceedings in the court below will be affirmed.

The court erred, however, in making an order that plaintiff in error should be imprisoned in the jail of McLean county, there to remain for such length of time as would make the amount of said debt at one dollar and fifty cents per day, when he should be discharged from imprisonment. The Town of Lexington is incorporated under a special charter, and no question is made concerning the original power of the town council to pass the ordinance under which this conviction was had, and which further provided, that in case of conviction the offender might be imprisoned in the county jail until the fine and costs should be paid. But this provision of the charter is controlled by the Act of the Legislature of 1879 (Laws of 1879, p. 70), which provides that no such imprisonment shall exceed six months. It does not appear from the record what amount of costs was taxed in this case, but it is argued by counsel that when the fine and costs are added together, they could not be discharged in six months at the rate of one dollar and fifty cents per day. It is enough to say that such might be the effect, and if so the defendant at the end of six months would be driven to another proceeding in order to obtain his discharge. We are of the opinion the judgment should have limited the imprisonment to six

Beam v. Scroggin et al.

months, so that when that period should have arrived the keeper of the prison would have discharged the prisoner at once.

We have been referred to no law by which this fine and costs can be discharged at a *per diem* allowance. It does not come under the Act of the Legislature (Laws of 1879, p. 117) providing for the working out of fines at the rate of one dollar and fifty cents per day, for that act is limited to misdemeanors committed in violation of the criminal code, whereas this is an offense under the ordinances of a town. It does not come under the Act of the Legislature (Laws of 1879, p. 70, *supra*) providing for the punishment of persons violating any city or village ordinance, for the offender can not be required to work out his fine under that act until the authorities of such city or town shall have so provided by ordinance, and no such ordinance has been offered in this case. The power of the court was limited to the imposition of the fine and costs and to ordering plaintiff in error to be imprisoned until the same should be paid, but limiting such imprisonment to the period of six months. For these reasons the judgment for fine and costs will be affirmed and the order of imprisonment reversed.

*Affirmed in part and reversed in part.*