## JOHN L. HUTCHISON

### v.

## THE CITY OF MT. VERNON.

*Dram Shops—Suit by Municipality—Ordinance—Sale without License —Publication—Secs. 3 and 4, Part 1, Chap. 34, R. S.*

1. The requirements of Sec. 3, Part 1, Chap. 34, R. S., as to the publication of municipal ordinances, is mandatory, and proof thereof is prerequisite to a right of recovery of a fine thereunder, not only as to the fact, but as to the place, of publication.

2. This court holds that the certificate of publication in the case presented is defective both in form and substance.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Mr. GEORGE B. LEONARD, for appellant.

Mr. J. L. POLLOCK, for appellee.

SAMPLE, J.    The appellee brought this suit under its ordinance, No. 62, prohibiting the sale, without license, of intoxicating liquors within its limits.    A jury was waived and trial had by the court.    The appellant admitted that on the 8th day of August, 1890, in said city, he, as the agent of the Star Brewing Company sold, without having a license, such liquors.    There are no disputed facts in the case.    The contention of appellant is, that the ordinance was not passed and published as required by law; that it is unreasonable in its provisions and not applicable to the sales he made.    The appellee introduced in evidence the original ordinance, the second section of which provides that whoever, not having a license to keep a dram shop, shall, by himself or another, sell intoxicating liquors in any quantity within the said city, shall be fined from " $20 to $100."    It also contains provisions for sale of such liquors by druggists on permits, under certain regulations and conditions, at the foot of which ordinance was the following memorandum: " Passed July 11, 1890.    Approved July 11, 1890.    Published July 17, 1890.

[SEAL.]                    " R. N. HINMAN, Mayor."

"Attest: B. B. SLADE.

There is no proof of the legal publication of this ordinance. The words "Published July 17, 1890.    Attest: B. B. Slade, seal," are nothing more than a memorandum of the fact and date, so that thereafter a certificate thereof might be readily made when required.    Sec. 3, part 1, Chap. 34, R. S., requires that "All ordinances of cities imposing any fine shall be published in a newspaper *published in the city.*"    This is mandatory and proof thereof is prerequisite to a right of recovery. Elizabethtown v. Lefler, 23 Ill. 90.    Not only as to the fact of publication, but " as to the place of publication."    Section 4 provides that such proof may be made by the certificate of the clerk under the seal of the corporation.    While this may not be the only mode of making such proof it was the only one attempted in this case.    The attestation of the clerk is neither in form nor substance such a certificate as required by

law. It does not purport to be a certificate of its publication or of the place of publication or state that it was *duly* published, from which an implication might arise as to place.

While it is not necessary to pass upon the other errors assigned by appellant, it is considered proper to say that they are not regarded as fatal, so far as disclosed by the evidence. Judgment is reversed and the cause remanded.

*Reversed and remanded.*