time, but always supported and maintained his family.   The house was occupied by the Hadcock family until 1898, when they moved therefrom, leaving some rent unpaid.

The common-law duty of a husband to support his family has not been changed by legislation relating to married women.   Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665; Holcomb v. Harris, 166 N. Y. 257, 59 N. E. 820.   The liability for necessaries furnished to the family of a married man is presumptively and primarily upon the husband, unless the wife, by express agreement, charges herself personally with the same.   Lindholm v. Kane, supra; Kegney v. Ovens (Sup.) 2 N. Y. Supp. 319; Wanamaker v. Weaver, 73 App. Div. 60, 76 N. Y. Supp. 390.

Where a married woman resides with her husband in a house which they occupy as a home, she does not thereby render herself liable for the rent of the house or the value of the use and occupation.   Sanford v. Pollock, 105 N. Y. 450, 11 N. E. 836.

The only question in this case is whether the defendant became personally liable for the payment of the rent to the plaintiff.   This was a question of fact, and the trial court found "that the defendant, Mary Hadcock, did not hire the premises described in the complaint, and did not agree to pay the rent therefor."

The judgment should be affirmed, with costs.   All concur.

---

(85 App. Div. 137.)

SHAW v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. VILLAGES—INCORPORATION—JUDICIAL NOTICE.
   The court will assume, from Laws 1870, p. 1018, c. 458, showing the incorporation of the village of Chatham, and the fact that the village was not incorporated by a special act, that it was incorporated under the general acts (Laws 1847, p. 532, c. 426, and amendatory acts) relating to villages.

2. SAME—ORDINANCE—PROMULGATION—EVIDENCE.
   Under Village Law 1847, p. 546, c. 426, § 57, subd. 25, requiring the publication of ordinances before they shall take effect, an ordinance regulating speed of trains in a village cannot be considered by the jury in an action for injuries resulting from collision on a street crossing, in the absence of evidence showing publication or posting.

3. SAME—PROCEEDINGS OF VILLAGE BOARD—RECORDS—ADMISSIBILITY.
   The proceedings of a village board of trustees may be shown from the original record or minutes thereof, but it is doubtful whether they can be read from an ordinance book, unless there is special provision therefor, or they are therein properly certified, and accompanied by the prescribed proof of publication or posting.

Appeal from Trial Term, Columbia County.

Action by N. Archibald Shaw, Jr., administrator of Mary E. Fowlks, deceased, against the New York Central & Hudson River Railroad Company, as lessee of the Boston & Albany Railroad.   From a judgment in favor of the plaintiff, and an order denying defendant's motion for a new trial, it appeals.   Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, and HOUGHTON, JJ.

Gardinier & Smith (A. D. Gardinier, of counsel), for appellant.
George K. Daley, for respondent.

CHASE, J.   The plaintiff's intestate was killed in a collision at a
railroad crossing in the village of Chatham.   This action is brought
by her administrator to recover damages for the benefit of her next
of kin by reason of the alleged fact that her death was caused by the
wrongful act, neglect, or default of the defendant.

At the time of the collision the defendant's train was running at a
speed of between 25 and 40 miles per hour.   The question of the de-
fendant's negligence and of the intestate's contributory negligence
were the two important questions litigated on the trial.   There was
received in evidence an alleged ordinance of the village of Chatham
relating to the speed at which cars should be run over street crossings.
in said village.   One D., the village clerk of said village, was called,
and the record relating to such ordinance is as follows:

"I have the book of ordinances of the village of Chatham.   Q. Will you
turn to the ordinances of such village with reference to the speed of railroad
cars? A. Yes, sir.   Q. What do you find? (Objection if witness is about to
read from the minutes.   Objection is interposed to any proof of the record
in the hands of the witness, or what purports to be a record, as incompetent;
there being no proof of the incorporation of the village, and no proof that
any memorandum or record contained in the book has been authorized or is
a valid record.   There is no proof that there is any authority of any officer
or set of officers for publishing the same.   Objection overruled.   Defendant
excepted.   Plaintiff offered the ordinance in evidence, to which the same
objection was made, and also that proof upon the admission of the ordinance
is not such record as is authorized by the Code; further, that there is no proof
whether this is the original record, or that the witness has knowledge of the
enactment of the ordinance, or the correctness of the record from which he
proposes to read.   Overruled.   Exception by defendant.)   Q. This is the ordi-
nance book of the village of Chatham? A. Yes, sir.   Q. Read the ordinance.
A. I find an ordinance of August 30, 1870, as follows: 'Sec. 2. No person shall
run or cause to be run, or assist in running any railroad engine, car or train
of cars, or part of a train of cars on or over any street or crossing in said
village at a greater rate of speed than six miles an hour.   Any person violating
this ordinance shall be subject to a penalty of $5 for each offence.' "

The court did not refer to the village ordinance in the charge, but,
immediately following the charge, counsel for the appellant made two
requests of the court to charge, which, with the rulings thereon, are
as follows:

"Mr. Gardinier: I think this is already covered, but, for greater certainty,
I will ask you to charge that the jury, in determining any question of fact
in this action, including that of contributory negligence on the part of the
deceased, or negligence on the part of the defendant, cannot consider or take
into account as any part of the evidence upon this trial the alleged or pre-
tended ordinance of the village of Chatham, relating to the speed of trains
therein, upon the ground that there is no evidence that the said alleged and
pretended ordinance has ever taken effect or become operative upon or against
the defendant; there being no evidence tending to show that the same ever
was posted, published, or promulgated either under the village act of 1847
or the act of 1897 [Laws 1897, p. 366, c. 414], or under any statute relating
to said village, and upon the further ground that an ordinance of a village
is not a statute of which judicial notice can be taken.   Court: Oh, I decline
to charge all that you embrace in that proposition.   (Defendant excepted.)
Mr. Gardinier: Also that the jury cannot find from the evidence taken upon
this trial that the deceased had any knowledge or notice of such alleged or

pretended ordinance of the village of Chatham; there being no proof that the said ordinance was ever posted, published, or promulgated according to the requirement of the village law of 1847 or the act of 1897, or any act relating to said village, and no evidence that the same ever took effect as an ordinance. Court: I don't think it is essential that the deceased should have had notice of the ordinance, to make it operative. I decline to charge all of that. (Defendant excepted.)"

No evidence was offered in regard to the incorporation of the village of Chatham, but it is claimed by the respondent that the court should take judicial notice of chapter 458, p. 1018, of the Laws of 1870, relating thereto. By reference to said act, it appears in the first section thereof that the village of Chatham had been theretofore incorporated, and that officers had been theretofore elected, and were then holding office. No other special act of the Legislature appears to have been passed, relating to said village; and it may be assumed, from the provisions of said act of 1870, and the fact that said village had not been incorporated by special act, that it had theretofore been incorporated under the general acts relating to villages (chapter 426, p. 532, of the Laws of 1847, and the acts amendatory thereof).

Respondent claims that the village of Chatham was authorized to pass the ordinance in question by subdivision 4 of section 14, c. 458, p. 1022, of said act of 1870. Said section provides, "In addition to the powers now conferred by law the trustees of said village shall have power and it shall be lawful for them," and follows with 10 subdivisions, specifying certain things which it shall be lawful for the trustees to do. The said fourth subdivision provides, "To limit the speed of running railroad cars over the street crossings in said village. * * *" The "powers now conferred by law" are the powers conferred by sections 57 and 58 of said village law of 1847, pp. 543, 546, c. 426, and the amendments thereto. By subdivision 25 of section 57 of said village law, it is provided:

"To make such by-laws not inconsistent with the laws of this state or of the United States * * * and no such by-law shall take effect until two days after it shall have been published in a newspaper printed in such village if there be one, and if there be none, until four days after a printed copy thereof shall have been posted in ten of the most public places in such village; of which publication or posting an affidavit shall be made and filed with the village clerk within six days after it shall take place."

An ordinance passed under said act of 1870 must be published or posted as provided by the said village law of 1847. No evidence was offered to show that the ordinance in question was ever published or posted as required by law, and, so far as appears from the record, it never took effect. The jury, in determining the questions at issue, had a right to take into account said ordinance, if it had been duly passed and promulgated. Grinnell v. Taylor, 85 Hun, 85, 32 N. Y. Supp. 684; Skelton v. Larkin, 82 Hun, 388, 31 N. Y. Supp. 234. As there is no sufficient evidence that the ordinance had been promulgated, the trial court was in error in allowing the same to be considered by the jury.

The proceedings of a board of trustees of a village can be shown from the original record, or minutes thereof; but it may be doubtful whether they can be read from an ordinance book into which they are

in part copied, unless there is special provision therefor, or they are therein properly certified, and accompanied by the prescribed proof of publication or posting.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.