FORT WORTH & ROSEN HEIGHTS STREET RAILWAY COMPANY v.
L. L. HAWES.

Decided January 11, 1908.

**1.—Street Railroad—Maintenance of Track—Ordinance Construed.**

In a suit for damages for personal injuries resulting from the track of a street railroad being above the surface of the street, a charge that it was the duty of the street car company to keep and maintain the top of each rail of each track on a level at all points with the surface of the street, being in the exact language of an ordinance concerning the duty of the street car company in maintaining its tracks, was correct. It would be a safer rule for the protection of the public that regard should be had to the surface of the street as it actually exists rather than to the grade line, if there should be any difference between the two.

**2.—Same—Pleading—Charge.**

Where, in a suit for damages against a street railroad, plaintiff alleged two grounds for recovery, viz., the negligence of the defendant in permitting the rails of its track to be above the surface of the street, and running its cars at a rate of speed in excess of that prescribed by a city ordinance, it was proper for the court under the pleading and the evidence to submit both grounds in its charge.

**3.—Charge—Assumption of Fact.**

It is not error for the court in its charge to assume a fact as established when the evidence on the point is undisputed. Rule applied.

**4.—Charge—Submission of Issue Without Evidence.**

Where, in a suit for personal injuries, the defendant contended that the evidence did not raise the issue of discovered peril, it was not error for the court to refuse special charges requested by defendant submitting such issue.

**5.—Evidence—City Ordinances.**

A book purporting to be the ordinances of the city in which the action arose, and published presumably in obedience to the provisions of its charter requiring the ordinances to be published, is competent evidence of the ordinances.

**6.—Damages—Loss of Wife's Services—Value.**

Where a husband sues for damages for the loss of his wife's services, it is not necessary either to allege or prove the value of such services to make them elements of damage.

Appeal from the District Court of Tarrant County. Tried below before Hon Mike E. Smith.

*Flournoy, Smith & Storer,* for appellant.—A charge which confines the consideration of the jury to, or lays undue stress on, one kind of evidence on a material issue of fact, where there is evidence of a different kind relative to the same point, is error. International & G. N. Ry. Co. v. Graves, 59 Texas, 330; St. Louis & S. F. Ry. Co. v. Traweek, 84 Texas, 73; Machon v. Randle, 66 Texas, 282; Missouri, K. & T. Ry. Co. v. Simmons, 12 Texas Civ. App., 500; Citizens Ry. Co. v. Ford, 25 Texas Civ. App., 328.

Defendant was entitled to have the law applied to the facts of its defense on its request for a proper charge on contributory negligence. St. Louis & S. W. Ry. Co. v. Casseday, 92 Texas, 525; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; Planters Oil Co. v. Mansell, 43 S. W., 913.

The court erred in refusing special instruction No. 4, requested by defendant, directing the attention of the jury to the consideration of the issue made by the evidence of Mrs. Hawes' negligence in herself driving upon the track of the defendant in front of defendant's car in a manner to constitute contributory negligence. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; International & G. N. Ry. Co. v. Neff, 87 Texas, 307.

It is reversible error for the court to assume in his charge as proven, a material fact in dispute according to the evidence. East Texas Fire Ins. Co. v. Brown, 82 Texas, 634; Johnson v. G., C. & S. F. Ry. Co., 2 Texas Civ. App., 139.

It is error for the court to submit in his charge for a finding of

the jury, a material fact clearly established by undisputed evidence. Denham v. Trinity Co. Lumber Co., 73 Texas, 78; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Wintz v. Morrison, 17 Texas, 388; International & G. N. Ry. Co. v. Lewis, 63 S. W., 1091; Faysson v. Kendall Co., 55 S. W., 583.

Where specific acts of negligence and the results thereof are relied on and presented in plaintiff's petition as the cause of action, or an essential element of same, it is error to permit the plaintiff to recover on grounds not embracing such specific allegations. San Antonio & A. P. Ry. Co. v. De Ham, 93 Texas, 74; Texas & P. Ry. Co. v. French, 86 Texas, 96; Ware v. Shafer & Braden, 88 Texas, 44.

It was error for the court to admit in evidence and charge upon alleged ordinances, penal in character, of the city of Fort Worth, which were not shown to have been published as by law and the charter of Fort Worth provided. Hall v. I. & G. N. R. R. Co., 98 Texas, 100; International & G. N. R. R. Co. v. Hall, 35 Texas Civ. App., 545.

The court erred in paragraph three of his charge to the jury, in instructing them to the effect that it is the duty of a street car company operating street cars in the city of Fort Worth, to keep and maintain the top of each rail of each track on a level at all points with the surface of the street, and that a failure to so keep and maintain said rails at such level would be negligence on the part of defendant, because such instruction is a construction of section 5 of ordinance 897 of said city, under which defendant's tracks were constructed, at variance with the language and meaning of said ordinance as pleaded and proven by plaintiff; and in this connection the court erred further in refusing special instruction No. 5 requested by defendant, construing said section of said ordinance to mean that the top of the rails of the track of defendant should be kept at all times at a level with the surface or true grade of the street outside as fixed by the city. Galveston C. Ry. Co. v. Nolan, 53 Texas, 147.

*Capps, Cantey, Hanger & Short,* for appellee.—Where contributory negligence is pleaded by defendant, a charge would not be correct which dealt with issues not raised by the plea of contributory negligence, nor by the evidence in the case. Texas & P. Ry. Co. v. Gray, 71 S. W., 316; Missouri, K. & T. Ry. Co. of Texas v. Schilling, 32 Texas Civ. App., 417; Texas & P. Ry. Co. v. Gray, 71 S. W., 316; Gulf, C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603; Texas Tram & Lumber Co. v. Gwin, 29 Texas Civ. App., 1.

It was not error for the court to assume, in his charge to the jury, that Jim Reynolds was driving the surrey at the time of the collision, for the reason that all of the evidence was that Jim Reynolds was driving the surrey at the time of the collision, and that Jim Reynolds, himself, in his own testimony, said: That at the time of the collision Mrs. Hawes was not driving, and there was no effort on the part of defendant to contradict that point.

Weldon v. Omaha, K. C. & E. Ry. Co., 67 S. W., 698; McGee v. Smitherman, 65 S. W., 461; St. Louis S. W. Ry. Co. v. Parks, 73 S. W., 439; Word v. Kennon, 75 S. W., 334.

The plaintiff is entitled to have all of the negligent acts of defendant, which he alleges and which he has established by proof, submitted to the jury, in order that the jury may determine what was the proximate cause of whatever injury was inflicted. Galveston, H. & S. A. Ry. Co. v. Pitts, 42 S. W., 255; Dutro v. Met. St. Ry. Co., 86 S. W., 916; Houston & T. C. Ry. Co. v. Easton, 44 Texas Civ. App., 95.

The court properly admitted the ordinances in evidence, and committed no error in the admission of the same, for the reason that provision is made in the city charter of the city of Fort Worth for the admission of the ordinances of said city. International & G. N. Ry. Co. v. Hall, 35 Texas Civ. App., 545; Hall v. International & G. N. Ry. Co., 98 Texas, 100.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered a judgment for damages on account of injuries received by his wife by being run over by one of appellant's cars in the city of Fort Worth.

Among other things, the court charged the jury as follows: "Under the ordinances of the city of Fort Worth it is the duty of the street car company operating street cars in the city to keep and maintain the top of each rail of each track on a level at all points with the surface of the street; and if you believe and find from the evidence that at the time of the alleged injury the rails of defendant's street car track at the place of the collision were not on a level with the surface of the street, but find that said rails were at that time and place higher than the level of the street; or if you believe from the evidence that at or just before the collision in question defendant's employes in charge of said street car moved the same along the street at a higher rate of speed than seven miles an hour; then in either of these instances the defendant would be guilty of negligence."

It is insisted that the first part of the above charge is erroneous in that it was the duty of appellant to maintain its rails at a level with the true grade of the street outside as fixed by the city engineer; but the charge followed the exact language of the ordinance, which seems to require the rails to be kept on a level at all points with the surface of the street, and it certainly would seem to be a safer rule for the protection of the public that regard should be had to the surface of the street as it actually exists, rather than to the grade line, if there should be any difference between the two.

It is insisted that the latter portion of the charge quoted should not have been given and that appellee's case should have been submitted upon the issue only of negligence with respect to the condition of the rails with reference to the street surface, since it was specifically alleged that his wife's injuries resulted from the condition of the track causing the vehicle in which she was riding at the time to "stick" on the track and to be run over by appellant's

approaching car.   But appellee in the same connection alleged neg-
ligence with respect to the speed of the approaching car by reason
of which his wife was run over and injured, and if his proof
failed in the first particular, we see no reason why he should not
recover upon proof of the latter.

Upon the question of contributory negligence the court charged
as follows:   "If you believe from the evidence that Jim Reynolds,
who was driving the surrey at the time of the collision, was subject
to the control and direction of Mrs. Hawes, and you find that
said Reynolds was guilty of negligence in attempting to cross the
track at the time and place and under the circumstances shown by
the testimony; or if you believe from the evidence that Mrs. Hawes,
as they started across the track, seized the lines and thereby im-
peded the progress of the driver, and that in so doing she was
guilty of negligence; and you further find that such negligence,
if any, in either of the instances last above mentioned, caused or
contributed to cause the injury, if any, then plaintiff can not re-
cover, whether defendant was guilty of negligence or not."

First, it is objected that the charge should not have assumed
that Jim Reynolds was driving the surrey at the time of the colli-
sion, but we think such assumption was justified under the facts,
since it is undisputed that he did begin driving the vehicle upon
leaving the stable for appellee's home, and there is no controversy
but what he continued to drive until the accident, or at least about
the time the vehicle started across the track, when Mrs. Hawes
seized the lines, which feature, however, is presented in the second
portion of the charge quoted.   Next, it is objected that the charge
submitted to the jury to find whether or not the driver Reynolds
was subject to the control and direction of Mrs. Hawes—a fact about
which there was no dispute.   But it certainly is not reversible to
allow the jury to find in keeping with the undisputed facts, and
the present charge nowhere authorized them to find otherwise.

It is further insisted that the court erred in limiting the jury
upon the issue of contributory negligence to a consideration of the
act of Jim Reynolds in attempting to cross the track and to the act
of Mrs. Hawes in seizing the lines, the insistence being that there
were other acts of contributory negligence which the jury might
properly have considered.   But we have carefully examined the
testimony and conclude that the court's charge was a full presen-
tation of the defense.

Appellant requested special instructions meeting the various ob-
jections urged to the charges given, but if we are correct in our
conclusions with reference to the main charge, they were of course
properly refused.   We notice in passing, however, that each of the
requested charges directed a finding for appellant unless the jury
should find "that the motorman did not do all in his power to
avert the injury after he actually discovered plaintiff's wife's
peril."   The issue of discovered peril was not submitted, and ap-
pellant's brief states that the evidence did not justify its submis-
sion.   It may be doubted, therefore, whether the court should have
given any of these special instructions, thus confusing the minds

of the jury with an issue not raised by the evidence, even though the submission was requested by appellant.

There was no error in admitting in evidence a copy of the city ordinances with reference to the speed of street cars within the limits of the city of Fort Worth, and with reference to the maintenance of street railroad tracks, since the evidence offered was contained in a book which purported to be the ordinances of the city of Fort Worth, published presumably in obedience to the provisions of the charter of such city imposing upon it the duty of publishing its ordinances. Hall v. International & G. N. Ry. Co., 98 Texas, 100.

Appellee alleged that as a result of his wife's injuries she had been unable to perform any labor of any kind whatever, and that by reason of the permanent character of such injuries he had been damaged in a sum stated. The court therefore properly instructed the jury that in estimating appellee's damages they would take into consideration the value of the loss of his wife's services in attending to her usual and ordinary household duties. In such a case it is neither necessary to allege or prove the value of such services to make them elements of damage. Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W., 128. We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.