## WOODRUFF v. DESHAZO.    (No. 869.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1915. On Motion for Rehearing, Jan. 5, 1916.)

1. ANIMALS ☞52—RUNNING AT LARGE—ACTION FOR DEATH.

In an action for the death of plaintiff's horse by falling into a cistern on defendant's premises, alleged to have been negligently left unfenced and unprotected, an ordinance, prohibiting the running at large of live stock contrary to its provisions, was a complete defense if the horse was running at large in violation thereof, unless the defendant was guilty of gross negligence in permitting his cistern to remain open.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 172–174; Dec. Dig. ☞52.]

2. MUNICIPAL CORPORATIONS ☞122 — ORDINANCE—PROOF OF PUBLICATION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 819, providing that every ordinance imposing a penalty, shall, after its passage, be published, and that proof thereof shall be made by the printer's or publisher's affidavit, filed with the secretary of the city or town, which shall be prima facie evidence of publication in all courts, and that ordinances so published shall be in force thereafter, and article 821, declaring that all ordinances printed and published by authority of the city council shall be admitted in all courts without further proof, a penal ordinance was inadmissible where its publication was not shown either by affidavit, or by its publication by authority, as a predicate; and it could not be admitted on proof of an ordinance book entitled "Minutes of City Council," showing its passage by the council on a certain day.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. ☞122.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. EVIDENCE ⟨KEY⟩32—JUDICIAL NOTICE—ORDINANCES.**

The courts do not take judicial notice of municipal ordinances, but they stand on the same footing as private and special statutes, the laws of other states, and of foreign countries, and must be averred and proved like other facts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. ⟨KEY⟩32.]

**4. APPEAL AND ERROR ⟨KEY⟩216, 263 — EXCEPTIONS TO CHARGE—FUNDAMENTAL ERROR.**

Under Acts 33d Leg. c. 138 (Vernon's Ann. Code Cr. Proc. 1916, art. 735 et seq.), requiring a party complaining of the charge to suggest to the court the errors therein, and his objections and exceptions thereto, the action of the court in granting certain special charges, in the absence of objection and exception thereto, could not be considered as fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⟨KEY⟩216, 263.]

Appeal from Collingsworth County Court; A. C. Nicholson, Judge.

Action by J. W. Deshazo against C. X. Woodruff. Judgment for plaintiff, and defendant appeals. Affirmed.

W. T. Barton and Templeton & Templeton, all of Wellington, for appellant. R. H. Cocke, Jr., of Wellington, for appellee.

HENDRICKS, J. [1] The appellee, Deshazo, sued the appellant, Woodruff, alleging the death of a horse owned by him, on account of falling into a cistern on appellant's premises, which was negligently left unfenced and unprotected. The defendant, Woodruff, as a special defense, pleaded the existence of a city ordinance of the city of Wellington, prohibiting the running at large of live stock contrary to the provisions of the same, and that said horse was at large in violation of said ordinance. If it were unlawful for the plaintiff to permit his horse to run at large within the corporate limits of the town of Wellington, the ordinance was a complete defense to the plaintiff's action, unless the defendant was guilty of gross negligence in permitting the cistern to remain open. The ordinance provided for the impounding of the animals running at large by the city marshal, and also prescribed a penalty by fine for the violation of same.

[2, 3] The defendant produced an ordinance book of the city of Wellington, entitled Minutes of City Council, exhibiting the passage by the city council of the ordinance in question, June 1, 1911. Defendant offered to prove by the city marshal that the ordinance enacted "was an ordinance of the city of Wellington." The objection was made that the publication of the ordinance was not shown as a predicate to the introduction of same in evidence. The bill by qualification exhibits that when the objection was made the court suggested that defendant make proof of publication and offered to allow oral testimony to that end. There is some dispute as to the effect of the bill, but we think it clear from reading the whole bill that appellant was not intending to prove by his witness the publication of said ordinance in any manner. Article 819, Vernon's Sayles' Civil Statutes, provides that every ordinance imposing a penalty or forfeiture— "shall, after the passage thereof, be published in every issue of the official paper for ten days; if the official paper be published weekly, the publication shall be made in one issue; * * * and proof of such publication shall be made by the printer or publisher * * * making affidavit * * * and filed with the secretary of the city or town, and [such affidavit] shall be prima facie evidence of such publication and promulgation of such ordinances in all courts of the state; and such ordinances so published shall take effect, and be in force, from and after publication thereof."

Article 821, same statutes, also provides that:

"All ordinances of the city, where printed and published by authority of the city council, shall be admitted and received in all courts and places without further proof."

Justice Gaines said, in the case of City of Austin v. Walton, 68 Tex. 507, 5 S. W. 71:

"The courts do not take judicial knowledge of the ordinances of municipal corporations. They stand upon the same footing as private and special statutes, the laws of other states, and of foreign countries, and must be averred and proved like other facts."

It is clear, viewing article 819, that the publication of the ordinance after passage is a necessary prerequisite to the same becoming a law. The purpose of publication is to inform the citizens of a municipality that such a law is to come into existence. Hence, if the statute requiring publication is not directory, but mandatory, as affecting the vitality of the ordinance passed, and if an ordinance does not take effect and become in force until after its publication, necessarily such a prerequisite is required to be proved under Justice Gaines' decision; otherwise, if not shown, no law is exhibited. The statute suggests two methods of proof: The affidavit of the publication filed with the secretary of the city or town constituting "prima facie evidence of such publication * * * in all courts of the state"; also, the ordinances of the city, "where printed and published by authority of the city council," are to be admitted and received in all courts without further proof.

The only argument that could be urged in favor of the admissibility of the ordinance by the mere production of the ordinance in the minutes as proving the publication is that under the statute it could be said it was the duty of the city council to provide for the publication of such ordinance, and hence it would be presumed that said body had performed such duty. These statutes, however, do not end with the mere imposition of duty to publish the ordinance, but suggest two methods of evidence of prima facie proof in showing performance of said duty. To say that the mere production of the

ordinance, without further proof, is sufficient is against the spirit of the statute. The statute evinces the necessity of proof of publication, by its terms, before proof of the law is established. We are not to be understood as suggesting that these two methods are exclusive, and that some other equivalent method of primary proof could not be made showing the performance of such duty, but that it has to be done to show that the law exists.

There are cases holding that, where a book, containing ordinances of a city published presumably in obedience to the city charter, imposing the duty of publishing the ordinance, is offered as proof of an ordinance contained therein, the same is admissible without further authentication. Street Ry. Co. v. Hawes, 48 Tex. Civ. App. 487, 107 S. W. 556; G., H. & S. A. Ry. Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 538 —in both of which cases writs of error were denied by the Supreme Court, but which clearly have no application here.

The Supreme Court of Illinois said, in the case of Schott v. People, 89 Ill. 195, citing several other cases of that state, that the publication of the ordinance prescribed by the statute was mandatory.

"The proof failing to show a publication as required by the charter, the evidence of the ordinance should have been rejected. Trustees of Elizabeth Town v. Leffer, 23 Ill. 90; Newlan v. President & Trustees of Aurora, 14 Ill. 364; Barnett v. President & Trustees, etc., 28 Ill. 62."

In the case of Shaw v. New York Central, 85 App. Div. 137, 83 N. Y. Supp. 93, one of the Supreme Courts of New York said:

"An ordinance passed under said act * * * must be published * * * as provided by the village law. * * * No evidence was offered to show that the ordinance in question was ever published or posted as required by law, and, so far as appears from the record, it never took effect. * * * As there is no sufficient evidence that the ordinance had been promulgated, the trial court was in error in allowing the same to be considered by the jury."

[4] There is a suggestion of fundamental error by the appellant in its brief, on account of the action of the court, in granting and giving certain special charges. There are no objections and exceptions to these charges brought forward in the brief. The purpose of the act of the Thirty-Third Legislature was to enjoin upon the party complaining of the charge to suggest to the court the errors in the charge and object and except to the same, which was not done in this instance. The action of the court could not be considered as fundamental error.

We think the trial court correctly ruled out the ordinance in question, and the judgment is affirmed.

### On Motion for Rehearing.

In the original opinion we did not comment on the decision of Justice Hurt, in the case of Wilson v. State, 16 Tex. App. 501. The case was presented and argued orally upon the original hearing, and we read and re-read and thoroughly discussed the holding. Annie Wilson had been tried as a vagrant; she was again charged with the same offense and pleaded a former acquittal, and the trial judge, in a part of his charge said:

"You are instructed that, under the charter of the city of Dallas, all ordinances which impose a penalty for their infraction must be published at least 10 days before the same can be enforced, and it is incumbent on the defendant to show that the ordinance under which she was [formerly] acquitted was published the requisite number of days," etc.

Justice Hurt said:

"The presumption is that this ordinance had been published the requisite number of days, and it devolved upon the party whose rights were antagonized thereby to show that the ordinance had not been thus published."

Appellant says:

"The above case, decided by Justice Hurt, is exactly in point and has never been overruled, and is correct and should be the controlling case in the decision of this case before this court."

If counsel had been patient (possibly as much so as this court) in the investigation of this question, the "cocksureness" and implied strictures, evidenced in the argument on this motion for rehearing, would not probably be so manifest, irrespective of which is correct.

In the original opinion we recognized fully the proposition of the presumption of duty upon the part of officers. The Legislature, however, has seen fit to prescribe a quantum of proof, as indicated by article 819, for the courts of this state, for the establishment, prima facie, of the fact of publication. We were careful to say that this was not exclusive, neither is the method of proof suggested by article 821. Article 819, making the affidavit of the printer filed with the city secretary prima facie proof of publication in the courts of the state, was passed, in its present form, in 1889, amending article 486 of the Acts of 1879. The difference material to this question is that article 486 of the Revised Statutes of 1879 prescribed that the publisher's affidavit would be conclusive proof. Justice Hurt had under consideration a city charter, in 1883, which prescribed a 10-day publication—evidently without any further prescription as to the character of proof referable to publication. Article 341 of the Revised Statutes of 1879, under title 17, regarding "Cities and Towns," prescribed that:

"The provisions of this title shall not apply to any city until such provisions have been accepted by the city council in accordance with the preceding article."

Under the Constitution of 1876, art. 11, § 5, cities having more than 10,000 inhabitants may operate under special charters granted by the Legislature. The Supreme Court said, in the case of Dallas v. Western Electric Co., 83 Tex. 245, 18 S. W. 552:

"It is the purpose of the Constitution that the grant of power in the charter of a city having more than ten thousand inhabitants shall

be complete without any reference to any other law," etc.

Justice Hurt, in the Wilson Case, did not have before him article 819, passed in 1889, prescribing what shall be prima facie proof of publication in the courts of this state; nor manifestly was he considering article 486 of the Revised Statutes of 1879, making the affidavit conclusive proof. The question of conclusive proof was not before him. We are not holding that the statute in regard to cities and towns, at the time Justice Hurt rendered his opinion, would not affect cities created by a special charter granted to the Legislature. It is manifest, however, that Justice Hurt was not considering either statute when he rendered his opinion; one of them had not been enacted and the other had not the slightest application, but was considering the question of presumption derivable from the city charter of the city of Dallas, and the period of publication required with reference to the ordinance passed thereunder, and nothing further.

Article 819, in specifying the affidavit of the printer as sufficient prima facie evidence of proof of publication, is not addressed to the question of the passage of an ordinance by the city council; the passage of an ordinance and its publication (though it takes both to make a valid law) are distinct acts of that body. Hence, logically, when you produce the minutes of a city council, showing merely that an ordinance has been passed, have you further met the suggestion of the Legislature, with reference to prima facie proof of its publication? Did the Legislature mean, when it said that the publisher's affidavit would be prima facie proof of publication, in all the courts of the state, that the mere presentation of the ordinance would be sufficient, without the affidavit, or without some equivalent proof at common law? If the charter of the city of Dallas merely prescribed that the ordinance should be published for 10 days before it could be enforced (and it is clear to us that that is all Justice Hurt was considering), without any further suggestion as to what would constitute prima facie proof of publication, there is force in the opinion on the theory of presumption, and the same might be pertinently applicable. The case we have here though was not before Justice Hurt, and the case that was before him is not before us. Here we have one bare fact, an ordinance in a minute book, which, if it had been published, the affidavit of the printer is presumably on file with the secretary of the corporation, and which would have afforded, under the statute, prima facie proof of publication. The Legislature must have intended that this, or some other equivalent method of prima facie proof, was necessary.

As to the case of City of Austin v. Walton, which appellant says has no imaginable application to this case, of course the facts are not the same, and the case is only cited as a major premise in connection with our interpretation of the statute for the conclusion which we thought would follow.

Appellant has no assignment whatever in this motion, but we thought it best, without minimizing in the slightest the importance of this question, though a county court case, to exhibit, as we conceived, the inapplicability of Justice Hurt's opinion, which appellant thinks should have absolutely controlled this question.

We have carefully read the other authorities cited in the motion, and think they have no application whatever to the phraseology of our statute; and, believing that we correctly ruled the point upon the original hearing, we consequently overrule the motion.