In the Matter of ANGELO LONGO et al., Petitioners, against JOHN EILERS, as Superintendent of Building and Building Inspector of the Town of Huntington, et al., Respondents.

Supreme Court, Special Term, Suffolk County, December 2, 1949.

*E. Merritt Weidner* for respondents.

*Joseph H. Sand* for petitioners.

COLDEN, J. This is a proceeding instituted under the provisions of article 78 of the Civil Practice Act. Its purpose is to legalize the completion and operation of an automobile racing establishment known as Deer Park Speed Drome, located at Deer Park, Suffolk County, New York. The activities of the petitioners have been challenged by the respondents, officials

of the Town of Huntington, who contend that the provisions of the local zoning ordinance proscribe any such use of the real property here involved. The parcel is concededly in a residence E zone and the contemplated use may not be permitted unless the same be authorized as a prior nonconforming use existing at the time of the adoption of the zoning act in question and not subsequently discontinued or abandoned.

At the outset there must first be taken under consideration the enactment of the zoning act and the validity of the manner of its adoption. In 1931 the Town of Huntington attempted to adopt a zoning ordinance but there appears to have been some doubt as to the propriety of its enactment. At any rate, in December, 1934, it was amended and re-enacted. It is this 1934 statute which has application to the instant situation. Petitioners assert that the provisions of section 269 of the Town Law were never complied with and that hence the local law never became effective.

Section 269 of the Town Law sets forth, in part, as follows: "A zoning ordinance adopted pursuant to the provisions of this chapter shall not become effective until it shall have been published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in such town, as the town board may designate, twice, once in each week for two consecutive weeks, and shall have been posted in six public places in such town for not less than ten days. In any specific case, however, such zoning ordinance shall take effect when personal service is made of a copy thereof certified by the town clerk under the corporate seal of the town and showing the date of its passage by the town board."

This statutory language is mandatory and not merely permissive or directory and the zoning ordinance does not become effective until these requisites of publication and posting are complied with. The procedural and other provisions of the act must be strictly followed and an ordinance which is not published and posted as required is not effective. (See Rathkopf on The Law of Zoning and Planning [2d ed.], p. 41, and many cases therein cited. Also, *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182; *Milano* v. *Town of Patterson*, N. Y. L. J., Oct. 6, 1947, p. 752, col. 3; *Village of Williston Park* v. *Israel*, 191 Misc. 6; *Matter of Pressel* v. *Ferris*, 148 Misc. 910, and *Shaw* v. *New York Central & H. R. R. R. Co.*, 85 App. Div. 137.)

Proper publication was established by the affidavit of publication of Margaret L. Haynes, principal clerk of the *Huntington Times*. The only proof of posting of the zoning ordinance submitted at the trial was the affidavit of William B. Trainer, former town clerk of the Town of Huntington, duly verified the 11th day of October, 1938, wherein the affiant set forth that he posted the ordinance in question at eleven public places located in the town of Huntington. The affidavit contains no statement that the ordinance was posted for ten days or for any specified period and by reason of this omission the petitioners urge that there is no proof that such ordinance was posted for the statutory period or ever became effective.

Mr. Trainer, the former town clerk, was no longer living at the time of the trial. Section 269 of the Town Law requires that the copies of the ordinance be posted for not less than ten days. The late town clerk certified by affidavit that he did post copies of the ordinance; section 371 of the Civil Practice Act makes his affidavit presumptive evidence of that fact, which by reason of remaining undisputed throughout the trial has become conclusive evidence. The law does not require that the six copies of the ordinance, once posted, be kept under direct and continued surveillance. This would be an absurd construction. Unquestionably, it would have been better practice had the clerk visited the places of posting after ten days had elapsed and inserted in his affidavit a statement to the effect that the copies of the ordinance had remained posted during the intervening period. Nevertheless, this building zone ordinance has governed the people and restricted the real estate of the town of Huntington without challenge or objection for almost fifteen years and will not lightly be invalidated. A state of facts once shown to exist is presumed to continue until the contrary is shown. The court will therefore assume that the copies of the notice posted in at least six public places by the then town clerk, on January 17, 1935, remained posted thereat for at least the statutory ten-day period, no proof to the contrary of any nature having been offered.

The validity of the zoning ordinance and its proper enactment having been established to the satisfaction of the court, the next problem for consideration is whether the prior nonconforming use which all parties agree existed at the time of the adoption of the zoning act was subsequently discontinued or abandoned. If so, the petitioners or any other owners or lessees of the property lost all right to use the same for the purposes here

sought. The court believes that the prior existing nonconforming use was in fact so abandoned.

In or about the year 1927 a race track was built on this property. It was operated intermittently until about the year 1936, no witness being particularly accurate or exact in the matter of dates. Thereafter, no racing was held. During the years 1936 to 1941 the race track was not used and the grandstand became broken, worn and dilapidated and was partially destroyed by fire. In the year 1941 one or two automobile races were run and thereafter nothing further was done with the property until 1946.

Guiseppi Martell, the record owner of the property, paid no taxes thereon, as a result whereof the property was deeded to the County of Suffolk on February 11, 1937. There was no redemption by the record owner and title remained in the county until February 18, 1946, at which time the County of Suffolk conveyed to one Peter M. Papouchis, which was followed by a conveyance from the latter to Deer Park Speedrun, Inc., and a further conveyance from Julia L. Seider, as referee in foreclosure, to the petitioner Angelo Longo under date of April 9, 1948. The general rule is that the right of a property owner to continue a nonconforming use may be lost through abandonment of such use. An abandonment within the meaning of such rule connotes a voluntary affirmative completed act. It means something more than a mere suspension, a temporary nonoccupancy of a building or a temporary cessation of business. (*City of Binghamton* v. *Gartell*, 275 App. Div. 457.) An abandonment is the voluntary intentional relinquishment of a known right. There must be a concurring intention to abandon and an actual relinquishment of the right.

These elements are unquestionably present in the instant situation. The owner of the property abandoned not only the nonconforming use of the property, but title to the property itself which he permitted the county to acquire at tax sale. The facts are even stronger than in the case of *Curtiss Wright Corp.* v. *Incorporated Vil. of Garden City* (296 N. Y. 839), where abandonment of a nonconforming use was found to exist, even though title had remained in the plaintiff. In the instant case the original race track, grandstand and supplementary structures were permitted to deteriorate and waste away. One or two races were run in the year 1941 but as this occurred during the period that title was in the County of Suffolk, it must be assumed that they were conducted by those who occupied the

status of pure volunteers, if not actual trespassers on county property. With this exception there was no use of the race track from 1936 to 1946.

The petitioners urge that no inference, adverse to them, be drawn from the fact that there was nonuse of the premises during the war years. Were this the only period of disuse, no abandonment could be spelled out, because Government restrictions prevented automobile racing while this country was engaged in the prosecution of World War II. However, the actual abandonment and loss of title had occurred almost five years before the outbreak of war and the finding of the court as to the existence of such abandonment and discontinuance of nonconforming use need not rest alone on the neglect of the property during the war years, although this may be taken into consideration along with all other pre-existing factors.

There is no doubt in the mind of the court that the nonconforming use was abandoned and lost forever. When the County of Suffolk sold the property to Papouchis on February 18, 1946, he took title with notice of the existing building zone ordinance of the Town of Huntington and with his property fully subjected to the provisions thereof. These limitations are likewise binding on his subsequent grantees, immediate and remote.

The petitioners' brief raises certain additional contentions which have little force. It is said that the property has no value for any other purpose and that therefore the ordinance as to it, is unconstitutional and confiscatory and an example of the taking of property without due process of law or just compensation. These allegations were neither alleged in the petition nor proven on the trial. Possibility of other utility of the parcel was not made the subject of testimony, expert or otherwise, and hence no finding can be made with respect thereto.

The claim is also made, albeit seriously disputed, that officials of the town, although aware of the petitioners' construction and improvement activities, permitted their continuance for a considerable time without objection. If this were the case it can avail the petitioners nothing. It is well established that no estoppel may be invoked against a municipality or other division of government by reason of the acts of its officials so as to preclude the enforcement of existing law.

The respondents request a mandatory injunction requiring the petitioners to remove two existing structures on the premises, to wit, the comfort station and the refreshment building. The steel grandstand is portable and not in place at the present time.

There appears to be little authority for granting affirmative relief against the petitioners in a proceeding under article 78, and the court prefers to leave to the building department officials of the Town of Huntington the ordinary and customary means of compelling the removal of condemned and illegal buildings.

Final order will be entered dismissing the proceeding on the merits and dissolving the temporary restraining order, with costs to the respondents. Inasmuch as the proceeding involved the trial of issues of fact, a full bill of costs may be taxed. (Civ. Prac. Act, § 1301.)

The foregoing constitutes the decision of the court, and final order should be settled on notice accordingly.