## EMMA ALTGELT v. F. EMILIENBURG.

(Case No. 1501.)

1. GENERAL DENIAL — EVIDENCE.— It is well settled in this state that a general
   denial puts the plaintiff upon proof of every material allegation in his peti-
   tion.   Under it, in a suit to recover damages for breach of contract, defend-
   ant can introduce evidence to show that plaintiff failed to fulfill his part
   of the contract, and thus disprove his allegations of performance or willing-
   ness to perform.

APPEAL from Bexar.   Tried below before the Hon. G. H. Noonan.
The opinion states the facts.

*Minter & Altgelt,* for appellant, cited: Banking Co. *v.* Stone, 49
Tex., 15; Hall *v.* Jackson, 3 Tex., 305; Towner *v.* Sayre, 4 Tex., 30;
Mims *v.* Mitchell, 1 Tex., 443; Guess *v.* Lubbock, 5 Tex., 538; Lem-
mon *v.* Hanley, 28 Tex., 227; Love *v.* McIntyre, 3 Tex., 12; Rule
20, District Court.

*L. N. Walthall* and *Wm. Aubrey,* for appellee, cited: Bailey *v.*
Hicks, 16 Tex., 222; Texas Trans. Co. *v.* Hyatt, 54 Tex., 215; Sayles
& Bassett, Pl. and Prac., secs. 20, 21; Doogood *v.* Rose, 9 Man.,
Grang. & Scott, 132; S. C., 67 E. C. L., 131.

WILLIE, CHIEF JUSTICE.— The contract upon which this suit was
founded bound the appellee to build a fence between the lands of
himself and appellant before November 1, 1883, and to furnish all
the material necessary for that purpose.   It bound Mrs. Altgelt to
pay the appellee $86.37 for the work, at such times as he might
need the money for the purchase of material.   Neither party could
recover damages for the breach of this contract unless there was a
performance or willingness to perform what the complaining party
had agreed to do on his or her part.   Hence Mrs. Altgelt, in suing
Emilienburg for damages, alleged a part performance of her stipula-
tions, and a willingness to comply with the remainder.   She further
charged that, notwithstanding that she was in default in no respect,
the appellee had refused to carry out the obligations assumed by
him.

The general denial pleaded by the appellee put her upon proof
of all these allegations.   It was, in effect, a special denial of each
separate averment material to the plaintiff's case.   It was as much
a denial of performance, or willingness to perform, the contract on
the part of Mrs. Altgelt as of any other allegation in the petition.

Hence any proof she might introduce to establish these particular averments was liable to be combatted under the appellee's pleadings by showing a refusal on her part to pay any portion of the $86.37 on demand, when needed for material. The evidence of Emilienburg to which the appellant objected was in the line of just this character of proof. It was in direct rebuttal of the evidence offered by Mrs. Altgelt to show that the appellee refused to go on with the work without sufficient reason, or for a cause different from that stated in her testimony. It was in disproof of her allegations of performance or willingness to perform her part of the agreement. There were none of the elements of a confession and avoidance to be found in the evidence offered. The defendant did not propose to confess that Mrs. Altgelt had complied with her contract, and then to avoid responsibility from other causes; but he denied that she had done so, and introduced the proof in support of the issue made by him upon that question. That a general denial is all that is needed in such cases is well settled by previous decisions of this court. See Tisdale v. Mitchell, 12 Tex., 68; Herndon v. Ennis, 18 Tex., 411; P. J. Willis & Bro. v. Herndon, 5 Tex. L. Rev., 231. There was no error in admitting the evidence, and with this evidence before us we cannot say that the judgment was not correct, and it is affirmed.

AFFIRMED.

[Opinion delivered May 8, 1885.]