GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. GEORGE WASHINGTON ET AL.

Decided January 21, 1901.

**1.—Limitations—Minor—Suit by Next Friend.**

The bringing of a suit by the father as next friend to recover damages for injuries to a minor, and its subsequent dismissal for want of prosecution, does not put the statute of limitations in motion against the claim of the minor from and after the date of such dismissal.

**2.—Argument of Counsel—Immaterial Error.**

Remarks of counsel to the jury asserting facts of which there is no evidence in the case are improper, but will not necessitate a reversal where it is not shown that they had any effect on the jury, and the verdict is not against the preponderance of the evidence.

**3.—Limitations—Plea of Minority in Reply.**

Where defendant sets up in one plea limitation of one and two years, a plea of minority by plaintiff in reply is sufficient where it mentions only the plea of two years, but sets up facts sufficient to meet the plea of one year as well.

**4.—Evidence—City Charter—Authentication.**

The charter of the city of Houston is a public act of the Legislature of which

the court will take judicial notice, and by virtue of sections 36 and 53 thereof a printed book purporting to contain the city ordinances and to be published by authority of the city council, is admissible in evidence as proof of such ordinances without further authentication.

**5.—Action for Personal Injuries—Issue of Unavoidable Accident Raised.**

See the opinion for evidence in an action for personal injuries to a boy by a moving train held to raise the issue of unavoidable accident and to require its submission to the jury upon defendant's request.

**6.—Judgment for Damages—Disposition of Proceeds.**

Where plaintiff recovers a judgment for damages resulting from personal injuries, defendant will not be heard to complain that it directs one-half the amount thereof when collected to be turned over to counsel for plaintiff.

Error from Wharton. Tried below before Hon. Wells Thompson.

*G. G. Kelley* and *A. L. Jackson,* for plaintiff in error.

*J. C. Baldwin, J. V. Meek, W. L. Hall,* and *R. M. Brown,* for defendants in error.

PLEASANTS, Associate Justice.—This suit was instituted by the defendant in error, George Washington, as the next friend of the minor, James Washington, to recover of plaintiff in error damages for injuries to the person of said minor alleged to have been caused by the negligence of plaintiff in error.

The original petition was filed on the 3d day of January, 1899. In the first amended original petition, filed on the 12th day of April, 1899, and upon which the case was tried, plaintiffs allege that the defendant railway company had constructed and was operating its railroad on Colorado street in the city of Houston, which street ran in an eastwardly and westwardly direction through said city, intersecting Winter street at right angles; that at the intersection of said streets, the defendant had constructed certain plank walks for the use of pedestrians in passing along Winter street and crossing defendant's track, and that at the time of the injury complained of, the planks constituting this walk adjacent to the track had become old, worn, and rotten, and that on the 25th day of March, 1896, while James Washington, a negro boy of immature judgment, then about ten years old, was walking on the plank sidewalk, he stepped upon the same for the purpose of passing over the defendant's track and right of way, and one of the planks broke, causing his foot to slip and become fastened in one of the holes; that while James Washington was trying to extricate his foot, one of the defendant's engines with cars attached to it approached from the west at a high and dangerous rate of speed, about thirty miles per hour, which speed was in violation of the city ordinance of the city of Houston, prohibiting a speed in excess of six miles per hour; that the defendant's servants in charge of the engine and cars approached without ringing the bell or giving any warning whatever of the approach of the said engine and cars, and failed to keep a proper lookout for the purpose of dis-

covering persons who might be upon the defendant's track, or if said'. servants did in ·fact see the said James Washington in his perilous. position, then, nevertheless, they made no effort whatsoever to stop the· engine and cars, but negligently run upon and over James Washington,. mashing and cutting off both his feet below the knees, and thereby causing him serious and permanent injury and physical and mental anguish, to his damage in the aggregate sum of $25,000, for which judgment was prayed in his behalf.

The defendant's first amended original answer, filed May 3, 1900,. contained: (1) A general demurrer. (2) A general denial. (3) A special plea setting up the statute of limitation of one year and the statute of limitation of two years in bar of plaintiff's action, the same having accrued, if at all, on the 25th day of March, 1896, and this .tction having been instituted by the filing of plaintiff's petition on the 3d day of January, 1899. (4) Contributory negligence on the part of James Washington, consisting in his failure to use his senses and his. judgment to discover the approaching train and avoid it, or in stepping· upon defendant's track, or getting into a dangerous position and placing himself near the cars or in front of the approaching train of the de-· fendant, knowing of its approach, and at such time and under such cir-· cumstances as to bring about and contribute to his injury. (5) Con-tributory negligence on the part of James Washington, in this, that while· the cars of defendant were passing over its track, the said James Wash-ington trespassed upon its track and roadbed; that he then and there· became or attempted to become a trespasser upon the moving cars of· defendant, and while the said cars were in motion, he, in a reckless and negligent manner, took hold of some portion of one of defendant's cars. and got upon the car, or endeavored to get upon it and ride; and that,. by reason of his reckless and heedless conduct, and by reason of the· motion of the cars at the time, James Washington was thrown or fell under·the edge of the car so that his foot or legs were mashed or injured,. and that such conduct on the part of James Washington was not only grossly negligent and reckless, but was in violation ·of the laws of the State of Texas; all of which reckless and unlawful conduct on his part. directly contributed to and caused his injury.

To this answer plaintiff filed his first supplemental petition which contains the following: "And specially answering the plea of the statute of limitation of two years, plead by the defendant, says that the same sets up no defense to this plaintiff's suit, for the reason that on the date of· the injuries to plaintiff he was a minor 10 years of age; that he is now only a minor of 15 years of age, wherefore he says that said plea sets up no defense to the cause of action plead for James Washington, wherefore· he prays judgment."

The defendant's first supplemental answer, filed May 3, 1900, in re-· sponse to plaintiff's first supplemental petition, alleged that on the 4th day of April, 1896, the said James Washington, by his father and next friend, George Washington, instituted a suit on the identical cause of·

action, and alleged injury forming the basis of the suit at bar; that said suit was filed by Messrs. Wilson & Wood, as attorneys of record for plaintiff and his next friend, in the District Court of Harris County, Texas; that this defendant appeared in said cause and filed its answer therein, and that on the 5th day of October, 1896, plaintiff failing to further insist upon or prosecute its suit in said Harris County District Court, the same was dismissed for want of prosecution, and was stricken from the docket; that if any disability of minority ever existed, as alleged by plaintiff, relieving James Washington from the bar of the statute of limitation, nevertheless such disability was removed and waived by the institution and prosecution and subsequent abandonment and dismissal of the said suit in the District Court of Harris County, Texas. That the suit in Harris County District Court, after being dismissed, was never reinstated, and that from and after the date of its dismissal, and by virtue of the proceedings had in said cause, the statute of limitation began to run and has continued to run against the said James Washington's right of action, if any he has or ever had, and against his right, if any he ever had, to sue by the said George Washington as next friend, and against the right of the said George Washington to prosecute the same; and defendant in this connection renewed its plea of the statute of limitation of one year and of two years in bar of this action.

To this supplemental answer plaintiff filed a general demurrer, which was sustained by the court, to which ruling the defendant excepted.

Upon a trial of the cause before a jury on the 7th day of May, 1900, a verdict and judgment was rendered in favor of plaintiff for $10,000, and it was further adjudged by the court that one-half of the amount of said judgment was owned by Baldwin & Meek, and it was ordered that when said judgment was collected by the sheriff, or turned into the registry of the court, that one-half of same be turned over to said Baldwin & Meek and their receipt be taken for the same.

Defendant's motion for a new trial in the court below having been overruled, it prosecutes this writ of error, and seeks a reversal of the judgment of the court below upon numerous grounds set out and urged in its assignment of errors and brief filed herein, only a few of which we feel called upon to discuss.

The first assignment of error complains of the action of the court below in sustaining the demurrer to the first supplemental answer, and the proposition submitted under said assignment is as follows:

"When a parent, as next friend for the minor, institutes a suit under authority of article 3498u, Revised Civil Statutes of Texas, the status of the minor is thereby altered, and his disability to maintain the action and recover for injuries sustained is removed, and in the event such suit should be finally dismissed and abandoned, limitation will run against the cause of action therein sued upon, from the date of such dismissal, against the minor and against the parent as his next friend."

We can not assent to the soundness of this proposition. The bringing

of a suit by a person who sues under article 3498u of the Revised Statutes, as next friend for a minor, in no way changes the status of the minor. The disabilities of a minor are not removed nor suspended by the bringing of such suit, as the minor is not under said statute relieved of any of his disabilities and can himself assert no right in the institution, conduct, or disposition of such suit. The statute does say that a minor who has no legal guardian may bring suit in any court in this State by his next friend, but notwithstanding this language the right to act in bringing the suit is conferred on the next friend, and not on the minor, and the effect and intention of the statute is that the next friend of any minor, having a sufficient cause of action and who has no legal guardian, may bring suit in any court of this State for the use and benefit of such minor. If it be conceded that the institution of a suit by a next friend to recover property or damages for a minor and the subsequent dismissal of such suit by the next friend places such minor in the same status as to the running of the statute of limitation against the claim set up in said suit as when a legal guardian of such minor has been appointed and fails to sue upon claims due the minor, we are not prepared to say that the statute of limitation would run against such minor. The case of Rindge v. Oliphant, 62 Texas, 683, relied on by plaintiff in error to support the proposition that if the bar of limitation against a claim of the ward or heir has become complete as against the guardian or administrator, the ward or heir is also barred, is in direct conflict with other opinions of our Supreme Court, and so far as we have been able to ascertain, is not supported by any authority in this State. In the case of Collins v. McCarty, 68 Texas, 150, the court says: "In some States, however, it is held that the suit of an heir or ward will not be barred, though the administrator or guardian could not maintain the action by reason of the lapse of time. In others these parties are placed on a footing with trustees appointed by deed, and their failure to sue in proper time bars the right of action in those whose property they are managing, though these be under disability. In reference to this it is sufficient to say that in our State it is held that the heir or ward under disability is not deprived of his action by any neglect on the part of the administrator or guardian to bring the suit within due time." The same doctrine is announced in the case of Lacy v. Williams, 8 Texas, 182; Hanks v. Crosby, 64 Texas, 483, and McAdams v. McAdams, 10 Texas Civ. App., 654; and the case of Thomas v. Greer, 6 Texas, 372, cited by the court in the case of Rindge v. Oliphant, does not support the rule announced in that case. While an examination of these authorities will show that in neither the case of Collins v. McCarty, Hanks v. Crosby, nor McAdams v. McAdams was the decision of this question necessary to the decision of the case, all of these cases were decided after the case of Rindge v. Oliphant, and announce a contrary rule to that announced in said case. The case of Lacy v. Williams decides the exact question, and is followed by the old Court of Appeals in the case of Grant v. Anderson, 1 White & W. Con. Cas., sec. 191. Thus

it is seen that the apparent weight of authority in this State is against the rule as announced in Rindge v. Oliphant. But it is unnecessary for us to decide this question, as the bringing of the suit by George Washington as the next friend of his minor son did not create the relation of guardian and ward between them. George Washington was under no bond for the faithful discharge of his duties in the protection of the estate of said minor, and in the absence of such security the main ground upon which the rule announced in the case of Rindge v. Oliphant is based is wanting.

The third assignment predicates error upon the following statements of plaintiff's attorney, R. M. Brown, made in his address to the jury: "Gentlemen of the jury, the witness, William Underwood, was in the employ of the defendant railway company at the time of giving his deposition." Upon being interrupted by counsel for defendant and told that there was no evidence to this effect before the jury, Mr. Brown replied: "The evidence shows that he was in the employ of the Houston & Texas Central Railroad Company, and you know what the Southern Pacific is." William Underwood was a material witness for the defendant, and if he was an employe of the defendant it was permissible for the plaintiff to show that fact as tending to show that he was not a disinterested witness. And in the exact proportion that this fact was material to the plaintiff, it was material to the defendant that it should not be stated as a fact to the jury unless it was shown by the evidence in the case. There was no evidence in the case authorizing the statement that either the defendant railway or the Houston & Texas Central Railway Company was a part of or belonged to the Southern Pacific Company, and not a particle of testimony to show that Underwood was employed by the defendant, and the statements of the attorney were improper and should not have been allowed by the court. We are not prepared to say, however, that we would reverse the case because of these remarks, because they were made in the opening speech for plaintiff, and counsel for the defendant had ample opportunity to show the jury that the statements made by Mr. Brown were not sustained by the evidence. It is not shown that said improper and unauthorized remarks had any effect upon the jury, and the verdict of the jury not being apparently against the preponderance of the evidence, we can not presume that defendant was injured by said improper remarks. Railway v. Irvine, 64 Texas, 535; Willis v. Lowney, 66 Texas, 542.

We think the fourth assignment of error is without merit. While plaintiff's plea of minority only mentions defendant's plea of limitation of two years, it sets up facts sufficient to meet the plea of one year, and is clearly intended to be responsive to both pleas of limitation set up by the defendant, and as defendant's plea of the one and two years statute was contained in one plea, we think plaintiff's plea of minority was sufficient.

On the trial of the case in the court below plaintiff introduced in evidence, over the objection of the defendant, certain articles and sec-

tions of a printed pamphlet purporting to be the printed charter and ordinances of the city of Houston. The defendant objected to the introduction of said evidence "for the reasons that the printed pamphlet was not a certified copy, and did not purport to be a certified copy, of any ordinance of the city of Houston, and contained and was accompanied by no certificate or other means of indicating that the pamphlet was what it purported to be, or that the articles offered were in fact ordinances, or that there existed any such ordinances as it was thus proposed to show existed in the city of Houston, and for the reason that there was no evidence of authenticity offered in connection with or to support such pamphlet or the said articles, and that there was no evidence of authenticity with reference to the alleged charter or said sections thereof, nor any proof before the court to indicate that the said alleged charter or sections thereof constituted the charter or any portion of the charter of the city of Houston." The question raised by these objections in regard to the ordinances of the city of Houston is a difficult one, and so far as we have ascertained, has not been decided by any of the courts of this State. The charter of the city of Houston is a public act of the Legislature of which the courts will take judicial notice, so made by the act of the Legislature creating said charter. Spec. Acts 23d Leg., enacting the charter of city of Houston, sec. 63.

The act of the Legislature enacting the charter of the city of Houston contains the following provisions: "Section 36. * * * And it shall be the duty of the city council, within six months after the passage of this charter, to have compiled, printed, and published in book form, convenient of access by all citizens, all the ordinances of the city which may at the time be in force, and all such ordinances not so published shall thereafter become void. Section 53. And in all judicial proceedings it shall be sufficient to plead any ordinance of the city by caption, without embodying the entire ordinance in the pleadings, and all printed ordinances or codes of ordinances shall be admitted in evidence in any suit, and shall have the same force and effect as the original ordinance."

We think it clear that the Legislature intended by this provision of the charter to change the common law rule as to the manner of pleading and proving the ordinances of the city of Houston. It is true that the language of the provision is not as definite as it should be, and does not state that the printed ordinance shall be admitted in evidence without further proof, but we think that such is the proper construction of the provision.

If the Legislature only intended that the printed ordinances should be admitted in evidence when proven under the common law rule as to the proving of ordinances of a city, then the provision above quoted is vain and useless, and relieved the party seeking to establish any of said ordinances of no burden at all. If it is necessary to prove the printed ordinances in the same manner as the original, it was entirely unnecessary to provide that the printed ordinances should be admitted in evidence.

We think the rule laid down by Mr. Dillon, that "where the charter provides that ordinances published by authority of the corporation shall be received in evidence without further proof, a book of ordinances purporting to be thus published is competent, without further authentication; but it is not of course conclusive," applies to the ordinances offered in evidence in this case. The pamphlet offered in evidence in this case has the following indorsements printed on the first page: "The Charter of the City of Houston, together with the Revised Code of Ordinances. Compiled, printed and published by order of the City Council in compliance with the requirements of section 37 of the City Charter, and approved by said City Council by resolution adopted January —, 1894."

The book or pamphlet contains 339 printed pages, the first fifty-four pages containing a copy of the city charter, and the remaining pages are filled with what purports to be the revised code of ordinances of the city of Houston. We think this pamphlet clearly purports to have been published by authority of the corporation, and under the rule above laid down was admissible in evidence, and the court below did not err in so holding. Dillon on Mun. Corp., 4 ed., sec. 334; Lindsay v. Chicago, 115 Ill., 120; Napman v. People, 19 Mich., 352; St. Louis v. Foster, 52 Mo., 513.

It was shown upon the trial of the case that the minor, James Washington, had made and signed a written statement of the circumstances under which he was injured, and had also testified by deposition taken by the defendant while the suit in Harris County was pending, that the accident occurred in the manner set out in said written statement, which is as follows: "On the day I was injured I was coming home from church and walking up the railroad track, when I heard a train coming from Chaney Junction toward the Fifth ward depot. I stepped off the track and stood beside the passing train. Just as the last box car was passing me, I stepped close to the train, and as I did so my foot struck against something in the street and I fell, and my feet went under the box car and it cut both my feet off."

Upon the issue raised by this testimony the defendant requested the court below to instruct the jury as follows: "You are instructed that if you find from the evidence that the plaintiff was near the track of the defendant company waiting for its train to pass, and that while said train was passing by plaintiff stumbled or fell, so that his feet were run over and mashed by one or more cars of said train, then you will return your verdict in favor of the defendant."

We think the requested instruction should have been given, and the trial court erred in refusing same. The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge. The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the jury. The

evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issue, and if believed by the jury it would have been a complete defense to this suit. Altgeld v. Emilienburg, 64 Texas, 150; Willis v. Hudson, 63 Texas, 681; Winn v. Gilmer, 81 Texas, 346.

We do not think the plaintiff in error can be heard to complain of the order of the court below directing that one-half of the judgment herein, when collected, shall be turned over by the officer of the court who should receive same to Baldwin & Meek. The judgment against plaintiff in error is in favor of the plaintiff in the suit below, and it was no concern of the defendant what might become of the proceeds of said judgment after same had been collected.

We will not discuss the remaining assignments of error further than to say that none of them, in our opinion, point out any reversible error, or any error that is likely to occur upon another trial of this cause. Because of the error of the trial court in refusing to give the requested charge above discussed, the judgment of the court below will be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*