**BULL et al. v. MORRISON et al. (No. 1971.)**

(Court of Civil Appeals of Texas. Amarillo. May 24, 1922.)

1. Sales ⬤⟞81(6)—Under contract calling for delivery of one car of goods per week, buyer is not required to accept them at a greater rate.

Where a contract called for delivery of one car of goods per week, a buyer was not requir-

ed to accept six cars shipped on two consecutive days and two more cars shipped on the sixth and seventh days thereafter.

2. Sales ⬤⟞355(2) — Evidence of delivery of goods more rapidly than called for by contract admissible under a general denial.

In a suit for price by a seller of goods under a contract calling for delivery of one car of goods per week, evidence that six cars were delivered on two consecutive days and two more on the sixth and seventh days thereafter was admissible under the general denial.

3. Sales ⬤⟞89—Acceptance of different method of delivery of goods held to modify previous agreement concerning delivery.

Where a contract for sale of goods provided for delivery of one car per week, and the buyers accepted a proposal by the seller for a different method of delivery as to a shipment of six cars covered by a draft and accepted two cars under the new arrangement, they agreed to a modification of the agreement of the delivery as to the six cars in that shipment and were bound to take and pay for all the cars covered by the draft.

4. Words and phrases—"Bought" defined.

"Bought" implies a completed transaction, a vesting of the right of title to and possession of the property sold.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bought.]

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by F. N. Bull and others against W. G. Morrison and others. From judgment for defendants, plaintiffs appeal. Reversed and remanded.

Martin & Oneal, of Wichita Falls, for aplants.

Warren J. Dale, of Mexia, for appellees.

BOYCE, J. [1] I. A finding on the conflicting evidence that the original contract for purchase of chats provided for shipment at the rate of one car per week would be sustained by the evidence. Under such contract Morrison & Coleman would not have been bound to accept the six cars shipped on July 9th and 10th and the two cars shipped on July 16th and 17th. 35 Cyc. 179; Mechem on Sales, §§ 1138 and 1139.

[2] Morrison & Coleman, having refused to accept the shipment, might show these facts in defense of the action to recover the price of the chats with no other pleading than a general denial. Altgelt v. Emilienburg, 64 Tex. 150; Goodwin v. Biddy (Tex. Civ. App.) 149 S. W. 739; Winn v. Gilmer, 81 Tex. 345, 16 S. W. 1058.

[3] II. But when Morrison & Coleman accepted the letter of July 26th, written by Bull & Dexter, which provided for a different method of delivery of the six cars shipped on July 9th and 10th, covered by the draft in the Wichita bank, and acted thereon by

taking two of the cars under such arrangement, they thereby agreed to a modification or waiver of any previous agreement as to these six cars and were bound to take and pay for all the cars of these shipments covered by this draft. Mechem on Sales, § 1151; Bacon v. Cobb, 45 Ill. 47; McCombs v. McKennan, 2 Watts & S. (Pa.) 216, 37 Am. Dec. 505. The plaintiffs were therefore entitled to recover the price of the four cars of these shipments which defendants finally refused to accept and were entitled to a peremptory instruction to this extent. We cannot say that this agreement as to the six cars shipped July 9th and 10th and the other acts of Morrison & Coleman would be conclusive against their right to reject the two cars shipped on July 16th and 17th if these were not shipped in accordance with the terms of the original contract. So that we do not think that plaintiffs were entitled to a peremptory instruction that would include recovery for these two cars.

[4] III. The meaning of the special verdict is not clear. "Bought" implies a completed transaction, a vesting of the right of title to and possession of the property sold. It may be that the jury intended to find that, notwithstanding the cars had not been tendered in accordance with the original contract of purchase, yet the defendants, by accepting the letter of July 26th, and other acts, waived the provisions of the contract as to time of delivery and became bound to take the six cars referred to in the submission of the special issues. If this is the meaning of the verdict, the plaintiffs were entited to judgment thereon. It may be that the court only intended to submit a question of an executory agreement to buy, intending to get a finding of the jury in response to the first issue that would settle the conflict between the parties as to the terms of the original contract. The language of the submission of the issue was not appropriate for such purpose, however, and we cannot assume that the jury so understood it. We do not think the trial court could properly enter judgment in defendant's favor on the verdict of the jury.

Reversed and remanded.