SAN ANTONIO MACHINE & SUPPLY CO. v. CENTRAL TEXAS POWER & TRANSMISSION CO. et al. (No. 512.)

Court of Civil Appeals of Texas. Waco. April 14, 1927.

Rehearing Denied May 26, 1927.

1. Appeal and error ⬅989—In passing on sufficiency of evidence to sustain finding, reviewing court must consider only facts and circumstances sustaining it.

In passing on sufficiency of evidence to sustain a finding of the jury on special issues, the Court of Civil Appeals must consider only facts and circumstances which tend to sustain it, rejecting all evidence unfavorable thereto.

2. Sales ⬅359(1)—Evidence held to show plaintiff, in behalf of manufacturer, voluntarily assumed to service engine and replace parts thereof.

In action to recover for machinery sold to defendant, evidence held to support inference that burden of servicing engine and replacing parts was to be borne by manufacturer, and not by agency through whom service was rendered, and to show that plaintiff, as agent, voluntarily assumed to render service and furnish parts in behalf of manufacturer.

3. Appeal and error ⬅882(14)—Plaintiff, requesting submission of special issue cannot complain that evidence did not justify submission, nor that finding was unsupported by evidence.

Plaintiff, suing for reasonable value of machinery sold to defendant, having requested submission of issue whether it agreed to service engine and supply defective parts without charge, cannot complain that evidence was insufficient to justify submission, nor that jury's answer thereto was unsupported by evidence.

4. Evidence ⬅178(6)—Admitting parol proof of telegram exhibited to defendant's manager held without error, evidence warranting inference of delivery to witness and unsuccessful search for it.

In suit to recover for machinery alleged to have been sold to defendant, where inference was authorized that telegram from plaintiff to its agent, at time he undertook to supervise installation of engine, was delivered to defendant's manager, manager, having testified he did not have the telegram and could not find it after search, was properly permitted to give parol proof of its contents.

5. Sales ⬅52(1)—Plaintiff, relying on implied promise to pay for machine parts, had burden to establish facts from which promise would arise.

In suit for value of machine parts, where plaintiff relied on implied promise to pay therefor, duty devolved on it to establish facts and circumstances from which an implied promise would legally arise.

6. Appeal and error ⬅909(5)—Reviewing court, in support of judgment, must presume that plaintiff received consideration for its agreement to furnish parts and service engine.

In action for value of machinery sold to defendant, where jury found that all items of plaintiff's account were used to replace defective parts, and where evidence was sufficient to sustain affirmative finding that they were furnished free by plaintiff, and so accepted by defendant, the reviewing court, in support of judgment, must presume that plaintiff received consideration for its agreement to furnish defective parts and service the engine.

7. Sales ⬅355(2)—Evidence that parts furnished for engine by plaintiff were defective either in workmanship or material held admissible under general denial.

Where plaintiff sued on open account for value of machinery alleged to have been sold to defendant, evidence that parts furnished for engine were defective either as to workmanship or material held admissible under defendant's general denial.

8. Sales ⬅357(1)—Plaintiff, suing on account for machinery furnished, had burden to establish reasonable value thereof.

Plaintiff, suing on account for machinery furnished to defendant, and relying on implied promise to pay therefor, had burden to establish reasonable value of items enumerated therein.

9. Sales ⬅355(2)—Evidence showing items of account were of less value than alleged or proved, or were without value, was admissible under general denial.

Where plaintiff sued on account for machinery furnished defendant, evidence showing that items of account were of less value than alleged or proved by plaintiff, or that they were without any value, was admissible under defendant's general denial.

Appeal from District Court, Hamilton County; Joe H. Eidson, Judge.

Action by the San Antonio Machine & Supply Company against the Central Texas Power & Transmission Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

S. R. Allen, of Hamilton, and Goeth, Webb & Goeth, of San Antonio, for appellant.

Eidson & Nabors, of Hamilton, for appellees.

GALLAGHER, C. J. This suit was instituted by the San Antonio Machine & Supply Company, appellant herein, against Central

Texas Power & Transmission Company, a corporation, and the directors thereof individually, appellees herein, to recover a balance of $956.25 which it alleged was the reasonable value of certain machinery sold by it to said Central Texas Power & Transmission Company. The parties will be designated as in the trial court. Plaintiff alleged that it had theretofore sold to defendants certain goods, wares, merchandise, and machinery shown by itemized account, duly verified and attached to its petition, in consideration whereof the defendants promised and became liable to pay to plaintiff on demand the reasonable value of the same, in the sum of $990.75; that defendants had paid thereon the sum of $34.50, leaving unpaid said sum of $956.25, for which it prayed recovery. No issue involving the individual directors of defendant company, who were made parties to this suit, is involved in this appeal, and no further reference to them will be made herein.

Defendant company answered by general denial, and by a special plea that it purchased from the Fairbanks Company a certain fuel engine manufactured by the Buckeye Machine Company; that under the terms of its agreement with said Fairbanks Company said engine was warranted for the term of one year, and that said company agreed to replace all defective parts during said term; that complying with such warranty and furnishing such parts was called servicing said engine; that plaintiff claimed that the Fairbanks Company had invaded its territory; that it, instead of said Fairbanks Company, had the right to sell said engine, and that it was its duty to service the same during the period of said warranty; that plaintiff did take charge of said engine and service the same, and that the account sued on was for parts furnished by plaintiff to supply defective parts in said engine; and that the same and all the same were furnished for such purpose and under its claim that it was its right and duty to do so. Defendant denied under oath that plaintiff's itemized verified account so sued on was just or true in whole or in part, and alleged that none of said items so sued for were just.

The case was tried to a jury. The evidence submitted, so far as material to a proper understanding of the issues of law hereinafter discussed, will be recited in connection therewith. The jury found in response to the issues submitted, in substance, that:

(1) Defendant bought the engine in question from the Fairbanks Company, through its agent and representative.

(2) Said Fairbanks Company guaranteed and warranted said engine for one year, and agreed to replace all defective parts.

(3) Plaintiff claimed to defendant that it had the right to sell said engine, and not the Fairbanks Company.

(4) Plaintiff agreed, through its duly authorized agents and representatives, to service said engine (that is, to supply said engine with all defective parts) during the period of guarantee and warranty.

(5) The parts furnished for the engine in question by plaintiff were defective, either as a matter of workmanship or on account of defective material.

(6) The items described in plaintiff's petition were parts or repairs used to replace defective parts of said engine.

(7) Said parts were furnished within one year from the time said engine was delivered.

Plaintiff moved the court to enter a judgment in its favor, on the ground that its account was duly verified and on the further ground that the evidence introduced did not show any defense thereto. The defendant moved the court to enter judgment in its favor on the evidence and said findings of the jury. No action upon either motion is shown, but the court entered judgment in favor of defendant on the verdict rendered by the jury. Plaintiff has appealed.

### Opinion.

Plaintiff, by its seventh, eighth, and eleventh propositions, complains of the finding of the jury that it agreed through its duly authorized agents and representatives to service said engine and supply the same with all defective parts. The engine involved in this controversy was manufactured by the Buckeye Machine Company, at Lima, Ohio. It seems that company had an agent at Houston known as Holmes & Co. (referred to as Fairbanks Company), and that it was represented at San Antonio by plaintiff. While these agents purported to transact business in their own names, the testimony disclosed that the guaranties used by them, respectively, were identical, and were, in substance, to replace defective parts f. o. b. Lima, Ohio, where the factory of the Buckeye Machine Company was located, and provided that free replacement should cover liability with respect thereto. Defendant purchased said engine under a contract with Holmes & Co. Said contract provided for immediate delivery. Plaintiff, through its representatives, had been trying to make said sale itself. Upon discovering that the Houston agency had made such sale, plaintiff entered a vigorous protest on the ground that Hico, where said engine was to be delivered and used, was within its territory, and that it should have been allowed to make such sale.

The testimony shows that the delivery of the engine was delayed nearly a month as a result of this controversy; that defendant was begging plaintiff to let the engine be delivered, and that negotiations with reference thereto were conducted by defendant direct with plaintiff at its San Antonio office, and also with plaintiff's representative, Mr. Ross; that Mr. Ross finally succeeded in getting plaintiff's consent to permit said engine to be

delivered. The testimony does not show that defendant made any request of plaintiff, except to withdraw its opposition and permit said engine to be delivered. Nevertheless, before said engine arrived, plaintiff's representative, Mr. Ross, appeared. He presented as his authority in the premises a telegram from plaintiff, authorizing him to act as erecting engineer at the installation of said engine. He supervised such installation and assisted in putting said engine in operation. The testimony showed that he told defendant's manager that said engine was subject to the San Antonio service and supervision, and that defendant should not order any parts from anybody except plaintiff, and let it order them from the factory, and further that, if defendant expected to get service, it had better not have anything to do with any one but plaintiff. The evidence further discloses that all the items of the account sued on were ordered for the purpose of replacing broken parts on said engine, and that some of them were ordered by Ross himself, and the remainder by defendant's manager.

Plaintiff's manager at that time, in a letter written to defendant, recognized Mr. Ross as its representative, and stated that he had spent a great deal of time assisting defendant in getting the engine installed and started, and that plaintiff had made no charge therefor. Said manager testified on the trial, among other things, that Mr. Ross was plaintiff's salesman in that territory; that "he was not working for the Buckeye Machine Company, except that he represented them"; and that said letter was based on reports made to him by Mr. Ross concerning said transaction. The evidence disclosed that some of the parts included in the account sued on were furnished by plaintiff direct, and some on the order of plaintiff, from the factory of the Buckeye Machine Company, at Lima, Ohio. Defendant introduced letters written by plaintiff's said former manager. One of said letters informed defendant that the Buckeye Machine Company was liberal in the matter of replacements, and directed it to return broken parts direct to the factory at Lima, Ohio, and assured defendant that, while it had charged one item so ordered to it, if it replaced a defective part, defendant would be credited with the price thereof. This is the only reference in all the correspondence between the parties indicating a purpose to make a charge against defendant for any of said items. In another of such letters, plaintiff, apparently excusing itself for having ordered one of the items included in said account shipped to defendant from the factory, stated that it had had a requisition with Buckeye Machine Company covering additional stock for repairs for some time. The testimony introduced by defendant showed that a representative of the Buckeye Machine Company inspected the broken parts replaced by the items enumerated in the ac-

count sued on, pronounced them defective, and waived their return to the factory for inspection there.

[1, 2] In passing upon the sufficiency of the evidence to sustain said finding, we must consider only the facts and circumstances which tend to sustain the same, rejecting all evidence unfavorable thereto. Cartwright v. Canode, 106 Tex. 502, 507, 171 S. W. 696. The evidence in this case, when so considered, is sufficient to support a reasonable inference that the burden of servicing a newly installed engine or replacing defective and broken parts thereof was, as between the Buckeye Machine Company and its agents, to be borne by said machine company, and not by the agency through which such service was rendered. The evidence is also sufficient to show that the plaintiff voluntarily assumed to render such service and furnish such parts in behalf of its principal, Buckeye Machine Company.

[3] There is a further reason why plaintiff's complaint of said finding cannot be sustained. The record in this case shows that the plaintiff requested the court to submit to the jury for determination an issue inquiring whether it agreed to service the engine in question, and also an issue inquiring whether it agreed to supply said engine with defective parts without charge during the period of one year. The issue submitted is substantially the same as said requested issues combined. Having requested the court to submit such issue, plaintiff cannot complain that the evidence was insufficient to justify such submission, nor that the answer of the jury thereto is without support in the evidence. Independent Shope Brick Co. v. Dugger (Tex. Com. App.) 285 S. W. 599, 600, and authorities there cited. Plaintiff's propositions here under consideration are overruled.

[4] Plaintiff by its fourteenth proposition complains of the action of the court in admitting in evidence, over its objection, parol proof of the contents of the telegram from plaintiff which defendant's manager testified was exhibited to him by Mr. Ross at the time he undertook to supervise the installation of said engine and to put same in operation. As a predicate for the introduction of said evidence, defendant's manager testified that he did not have said telegram; that he had made a search for it and could not find it. Plaintiff objected to the introduction of parol testimony concerning the contents of said telegram on the ground that a proper predicate therefor had not been laid. The court over said objection permitted the witness to testify that said telegram authorized said Ross to act as erecting engineer at the installation of said engine. Plaintiff's counsel did not cross-examine the witness on voir dire with reference to such predicate. The testimony of the witness does not disclose affirmatively that said telegram was delivered to him, but we think the trial court was justi-

fied under the circumstances in inferring that such was the case, and, in the absence of further inquiry, in assuming that the search made by the witness complied with the requirements of the law. The testimony showed that plaintiff's manager at the time knew, from reports made to him by Mr. Ross, that he was present and participated in the installation and starting of said engine, and that said manager, in subsequent letters to defendant, stated that such services were furnished by plaintiff without charge. We do not think the action of the court in permitting the introduction of parol evidence of the contents of said telegram constitutes reversible error.

[5, 6] Plaintiff by its fifth proposition complains of the action of the court in refusing to submit for a finding by the jury a special issue, submitted by it, inquiring whether plaintiff received any consideration for its agreement to service said engine. Plaintiff sued on an itemized open account for the reasonable value of the several items of machinery therein enumerated. The testimony showed that some of the items so enumerated were shipped to defendant at the direction of plaintiff's representative, Mr. Ross, and that some of them were shipped at the request of defendant's manager. There is no proof of a specific promise by defendant to pay for any of the items in said account. Plaintiff relied on an implied promise to pay therefor. It devolved on plaintiff to establish facts and circumstances from which the law would imply such a promise. There was affirmative evidence that all such engines were sold under a standard guaranty by the Buckeye Machine Company against defective workmanship or material; that under such guaranty said machine company would furnish replacements free of charge; that plaintiff was the agent of said company; that plaintiff had on hand on consignment from said company certain extra parts for such engines; that such parts were for sale or replacement as occasion might require; that all the items sued for, which were forwarded by plaintiff direct from San Antonio, were furnished out of such consignment; that, if the machine company pronounced the original parts for which such replacements were substituted defective, plaintiff was not required to pay for the parts so furnished; that a representative of the Buckeye Machine Company inspected the broken parts replaced by the items enumerated in the account sued on, pronounced them defective, and waived their return to the factory for inspection there.

Defendant, to rebut any implication of a promise to pay for any of the extra parts so furnished to it by plaintiff, or by the factory at plaintiff's request, proved that plaintiff offered to service said engine and to replace broken and defective parts thereof as the original selling agent was obligated to do, and that defendant accepted such offer and acted thereon. If plaintiff did so, its action was voluntary, and the law will not imply a promise on the part of defendant to pay for proper replacements, notwithstanding the plaintiff may not have received any consideration for such promise. Defendant did not sue to recover affirmative relief on such promise of service and replacement. It merely contended that the items of machinery embraced in the account sued on were replacements, to which it was entitled under its contract and guaranty, and that they were voluntarily furnished by plaintiff in pursuance of such promise, without charge, and that it accepted the same with such understanding. The jury found that all the items sued for were used to replace defective parts in said engine. Whether said items were so furnished by plaintiff, and so accepted by defendant, were issues of fact. The evidence is sufficient to sustain an affirmative finding thereon, and, if such finding is not included by implication in said fourth finding of the jury, we are required, in support of the judgment, to presume that the court so found. Said proposition is overruled.

[7-9] Plaintiff by its second and ninth propositions asserts that the fifth finding of the jury will not support the judgment rendered for defendant, because such issue was not raised by defendant's pleadings. The substance of said finding is that the parts furnished for the engine in question by plaintiff were all defective in workmanship or material. Plaintiff sued on open account for the reasonable value of the items of machinery enumerated therein. Defendant pleaded a general denial. The burden was on plaintiff to establish the reasonable value of the several items enumerated in said account. Defendant's general denial put such allegation of value in issue. Any evidence tending to show that said several items were of less value than alleged or proved by plaintiff, or that said items or any of them were without any value at all, was admissible under said plea. Altgelt v. Emilienburg, 64 Tex. 150, 151; G., H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685, 688, 689; Willis & Bro. v. Hudson, 63 Tex. 678, 681, 682; Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546, 550; Bull v. Morrison (Tex. Civ. App.) 241 S. W. 561. Defendant introduced evidence tending to show that all the items in the account sued on were defective, either in workmanship or material, and that the same and all the same were worthless. The jury so found, and plaintiff has not attacked the sufficiency of the evidence to sustain such finding. Said proposition is overruled.

We have considered all the propositions submitted by plaintiff in its brief as ground for reversal, and are of the opinion that none of the same show reversible error. The judgment of the trial court is affirmed.