## LEVY et al. v. NATIONAL RADIATOR COR-PORATION.

### No. 1128.

Court of Civil Appeals of Texas. Waco.
Dec. 17, 1931.

John C. Read, of Dallas, for appellants.

Eckford & McMahon, of Dallas, for appel-lee.

GALLAGHER, C. J.

This suit was instituted by appellee, Na-tional Radiator Corporation, against appel-lants, Morris W. Levy and Levy Plumbing Company, a corporation, to recover the sum of $1,409.27, the agreed price of one steam boiler and 35 radiators, containing 460 sec-tions, purchased by appellant Morris W. Levy from appellee. Morris W. Levy, at the time of said transaction, was engaged in the plumbing business under the trade-name of Levy Plumbing Company. Subsequently, he incorporated said business without change of name.

Appellants alleged that they purchased said boiler and radiators to be used in installing the heating plant in a certain schoolhouse; that the plans and specifications therefor were drawn by an architect; that they sub-mitted said plans and specifications to appel-lee's representative for examination; that he agreed to furnish the boiler and radiators called for therein for said sum; that he spe-cifically represented and warranted that the boiler and radiators furnished would be suf-ficient to comply with such plans and specifi-cations, and would radiate sufficient heat to properly warm said building; that the boiler and radiators actually furnished by appel-lee were all that were called for by the plans and specifications. Appellants further al-leged that they installed said boiler and ra-diators according to said plans and specifi-cations, but that the radiation therefrom was not sufficient to properly heat said building, and that the consideration for said contract had failed. Appellee did not file a supplemen-tal petition specifically denying appellants' said allegations, but it claims the benefit of an implied denial, under the provisions of article 2005 of our Revised Statutes.

The case was tried to a jury. The testi-mony showed, without contradiction, that ap-pellee furnished the kind and size of steam boiler and the number and kind of radiators called for by the plans and specifications; that appellants installed the same in said

school building; that they were to furnish and did furnish the pipes connecting said boiler with the several radiators. There was testimony that the pipes so used in such installation were materially smaller in diameter than called for by the plans and specifications; that said system did not, after such installation, radiate sufficient heat to properly warm the building; that another contractor subsequently removed said smaller pipes and substituted therefor pipes of the diameter called for in the plans and specifications, and that thereafter said plant did properly heat said building. There was a sharp conflict in the testimony with reference to whether appellee's representative, who solicited and forwarded the order for said boiler and radiators, represented and warranted that the boiler and radiators called for by the plans and specifications and furnished by appellee would heat the building satisfactorily. The court submitted issues inquiring whether such representation and warranty were made, and, if so, whether same were relied upon, and the difference, if any, in the value of the boiler and radiators agreed to be furnished if same had heated the building, and the value thereof if they did not heat the building. None of these issues were answered by the jury. The only additional issue submitted by the court and the answer of the jury thereto were as follows: "Do you find from the evidence that the radiators and boiler in question would have heated the building satisfactorily if the sizes of the pipes called for in the plans had been used? Answer: Yes."

The court rendered judgment on said finding in favor of appellee against appellants Morris W. Levy and Levy Plumbing Company for the sum of $1,409.27, the amount sued for, with interest thereon from the 1st day of January following the installation of said plant.

### Opinion.

Appellants contend that the finding of the jury that the boiler and radiators furnished would have heated the building if they had been connected by pipes of the size called for in the plans and specifications was not based on any issue raised by the pleadings of either party, and was therefore insufficient to support the judgment rendered. There is no contention that the boiler and radiators furnished by appellee did not conform to the requirements of the plans and specifications. Appellants so stated in their pleadings. They further alleged that they installed said heating plant according to such plans and specifications and that, though so installed, the radiation therefrom was insufficient to heat the building. The law interposed in favor of appellee a specific denial of all appellants' defensive allegations. Issue was therefore joined between the parties with reference to whether appellants installed said plant according to the plans and specifications, and whether the same, when installed according thereto, was capable of furnishing or did furnish the required radiation. Testimony that appellants did not install said boiler and radiators as required by the plans and specifications, and that the same, when so installed, by the change of pipes made by the subsequent contractor did, in fact, furnish sufficient radiation to heat the building, was admissible under such implied denial in rebuttal of appellants' allegations. Altgelt v. Emilienburg, 64 Tex. 150, 151; Wynn v. Gilmer, 81 Tex. 345, 16 S. W. 1058 et seq.; City of Corsicana v. King (Tex. Civ. App.) 3 S.W.(2d) 857, 864, par. 16, and authorities there cited. The issue submitted by the court and found affirmatively in appellee's favor by the jury was based on such testimony. No objection was made by either party to the form of such issue, nor was the submission of any additional issues in connection therewith requested. The necessary effect of such finding was that the boiler and radiators furnished by appellee under the contract, properly installed, were capable of furnishing sufficient heat to properly warm said building, and to thus rebut appellants' contentions to the contrary, and their further contention, that the consideration for their promise to pay therefor had failed. When testimony in rebuttal, introduced under a general denial, express or implied, tends to show a state of facts inconsistent with and contrary to a state of facts alleged and relied on by the opposite party, the issue raised by such rebuttal testimony should be submitted affirmatively to the jury for a finding. The leading case on this question is G., H. & S. A. Ry. Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 538, 542; Id., 94 Tex. 510, 63 S. W. 534, 537. That was an action by Washington against the railroad for damages for injuries which he alleged he sustained as the result of its negligence. He charged, in his pleadings, that the railroad had constructed a plank walk for the use of pedestrians in passing over its track; that a plank therein broke, causing his foot to slip and become fastened in the hole, and that while thus situated he was run over by one of the railroad's trains. The railroad pleaded a general denial and contributory negligence. No further pleas were filed by it. The railroad introduced a written statement made by Washington subsequent to the accident in which he asserted that he was walking on the railroad track when he heard the train approaching; that he stepped off the track and stood beside it while the train passed; that just as the last car passed he stepped close to the train, and, as he did so, struck his foot against something in the street and fell; that both his feet went under the car and were cut off. The railroad requested the court to charge the jury, in substance, that if the facts so stated by Washington

were true, to return a verdict in favor of the railroad. The court refused such request. Verdict and judgment were rendered for Washington. The Court of Civil Appeals reversed the judgment for failure of the trial court to give such requested charge, and in that connection said: "We think the requested instruction should have been given, and the trial court erred in refusing same. The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge. The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the jury. The evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issues; and, if believed by the jury, it would have been a complete defense to this suit. Altgelt v. Emilienburg, 64 Tex. 150; Willis v. Hudson, 63 Tex. 681; Winn v. Gilmer, 81 Tex. 346, 16 S. W. 1058."

On rehearing, the Court of Civil Appeals, by certificate, asked the Supreme Court to determine whether the refusal of such charge constituted reversible error. That court held that it did, and in that connection expressly approved the foregoing excerpt from the opinion of the Court of Civil Appeals in the case, and added thereto the following: "The statement by James Washington was admissible to prove that the injury did not occur in the manner alleged in the plaintiff's petition, and, if believed to be true, would have furnished a defense to the plaintiff's action, although it might not have been an unavoidable accident. The special charge which was requested and refused would have presented both phases of the defense. These defenses were in no way connected with that of contributory negligence, pleaded by the defendant, and were not embraced in the charge of the court upon that subject."

The Supreme Court, in that connection, further said: " * * * We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, *or that the injury had occurred in a manner not alleged and claimed by the plaintiff*." (Italics ours.)

The rule announced by both courts in that case has been consistently followed. Colorado & S. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, 909, par. 1; Horton v. House (Tex. Com. App.) 29 S.W.(2d) 984, 986, par. 4; Schmoker v. French (Tex. Civ. App.) 7 S.W. (2d) 177, 178, pars. 1 and 2; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, 522, 523; St. L. S. W. Ry. Co.

of Texas v. Kerr (Tex. Civ. App.) 184 S. W. 1058, 1060, par. 3; Corpus Christi St. & I. Ry. Co. v. Kjellberg (Tex. Civ. App.) 185 S. W. 430, 431, pars. 2 and 3; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108, 1112 (first column); St. Paul Fire & Marine Ins. Co. v. Clark (Tex. Civ. App.) 200 S. W. 229, 231, par. 4 (writ refused); Pedigo v. Croom (Tex. Civ. App.) 37 S.W.(2d) 1074, 1076, par. 2 (writ refused); American Glycerin Co. v. Kenridge Oil Co. (Tex. Civ. App.) 295 S. W. 633, 635, pars. 1, 2 and 3. The finding upon which the judgment in this case was rendered is not without support in the pleadings.

Appellants contend that the court erred in overruling their special exception to appellee's petition on the ground that the same failed to allege that the sale of said boiler and radiators was an interstate transaction, or that appellee had a permit to do business in Texas. Appellee's petition alleged that it was a foreign corporation, and that it sold said boiler and radiators to appellants. There was nothing in appellee's petition showing that the sale of the same was an intrastate transaction, nor that it was engaged in business in this state. The exception was properly overruled. Washington-Dean Co. v. Crow Bros. (Tex. Civ. App.) 1 S.W.(2d) 914, par. 2, and authorities there cited; Blackwell-Wielandy Co. v. Sabine Supply Co. (Tex. Civ. App.) 38 S. W.(2d) 654, 655, par. 2.

The judgment of the trial court is affirmed.