## WASHINGTON NAT. INS. CO. v. BUMBREY.

### No. 9480.

Court of Civil Appeals of Texas. San Antonio.

Jan. 9, 1935.

Rehearing Denied Feb. 6, 1935.

Birkhead, Beckmann, Stanard & Vance, of San Antonio, for appellant.

McCloskey & Wasaff, of San Antonio, for appellee.

SMITH, Justice.

This action was brought by Pinkie Bumbrey against the Washington National Insurance Company to recover upon an accident insurance policy carried by that company upon Louis D. Bumbrey, who was alleged to have lost his life in consequence of accidental injuries. The Insurance Company has appealed from an adverse judgment rendered upon jury findings.

In the contract sued on the liability of the Insurance Company for accidental death of the assured was made contingent upon proof that the death resulted directly and independently of all other causes from injuries within ninety days from the date of the accident.

Appellee pleaded that the assured's death, on December 23, 1931, was caused solely by an accident occurring to him when he stumbled and fell over a railway track at Longview on October 6, 1931. The Insurance Company answered by general demurrer and general denial, and, specially, that the assured's death was caused or contributed to by an accident occurring to him on August 9, 1931, which was more than ninety days before his death, and which fact, if established, would have defeated the suit.

Upon the trial, the evidence, while sufficient to raise the issue of an accident on October 6, was also sufficient to have supported findings that an accident on August 9, and the ravages of a syphilitic condition of long standing, each contributed to the death of the assured.

The court submitted the issue of the fact and effect of the accident on August 9, but refused appellant's request for submission of the issue of syphilis and its contribution, if any, towards the death of the assured. Appellant has assigned error upon the action of the trial judge in refusing to submit the latter issue in the main charge, and in his refusal to give the special issue thereon as requested by appellant. The assignments and propositions upon those rulings must be sustained. Appellee defends the court's rulings upon the sole ground that the defense of syphilis was not specially pleaded by appellant, and that it was not available to appellant under its general denial.

■■ The rule is well established in Texas that rebuttal testimony inconsistent with facts relied upon by the plaintiff in an action of this character is admissible under the general denial, and if an issue raised by such rebuttal testimony is such as, if established, would defeat recovery, it should be submitted to the jury, upon proper request. Galveston, H. & S. A. Ry. v. Washington, 94 Tex. 510, 63 S. W. 534; Ætna Life Ins. Co. v. Robinson (Tex. Civ. App.) 262 S. W. 118; Robinson v. Ætna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900; Horton & Horton v. House (Tex. Com. App.) 29 S.W.(2d) 984; Levy v. National Radiator Corp. (Tex. Civ. App.) 44 S.W.(2d) 999; Corpus Christi St. & Interurban Ry. v. Kjellberg (Tex. Civ. App.) 185 S. W. 430, 431. The rule is peculiarly applicable to this case. Appellee relied upon her contention that her husband's death was due solely, and independently of all other causes, to injuries alleged to have been sustained by him in a certain accident on October 6, two and a half months prior to his death. Upon the trial, however, there was some evidence that for years prior and up to the time of his death the assured was afflicted with a marked case of syphilis, and that that disease contributed to, if it did not efficiently cause, the assured's death. In this situation, appellant requested the court in timely and appropriate form to submit to the jury the issue thus raised. The court refused to submit the specific issue in that,

or any, form. Under the cases cited, this was reversible error. We sustain appellant's fourth and fifth propositions.

Appellant raises other questions in its appeal, but in view of another trial we will not discuss those assignments.

Reversed and remanded.

BICKETT, C. J., did not participate in the decision of this case.

On Motion for Rehearing.

SMITH, Justice.

In the original opinion certain comments were made upon the weight and sufficiency of the evidence in the case. In deference to appellee's earnest protestations, in her motion for rehearing, those comments have been stricken from the opinion. Otherwise, the opinion is adhered to, and appellee's motion overruled.